COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Coleman and Elder
Argued at Richmond, Virginia


PENCE NISSAN OLDSMOBILE, ET AL.
                                        OPINION BY
v.        Record No. 1416-94-2     JUDGE LARRY G. ELDER
                                        MAY 9, 1995
DARELL DONNEL OLIVER, SR.


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Rodney A. Satterwhite (McGuire, Woods, Battle
            & Boothe, on briefs), for appellants.

            Louis D. Snesil (McDonald & Snesil, P.C., on brief),
        for appellee.



        Pence Nissan Oldsmobile and Merchants of Virginia Group Self

Insurance Association (appellant) appeal the Workers'

Compensation Commission's award of benefits to Darell Donnel

Oliver, Sr. (claimant) based on his November 13, 1992, work-

related injury by accident.  Appellant contends (1) the

commission erred in holding that the deputy commissioner

improperly relied on claimant's medical history records, and (2)

credible evidence does not support the commission's finding that

claimant suffered a back injury by accident.  Because the

commission is not bound by statutory and common law rules of

evidence, we remand for reconsideration pursuant to the

commission's Rule 2.2 regarding consideration of evidence.

                            I.

                          FACTS

        Claimant was an automobile service technician who worked for

Pence Nissan Oldsmobile.  Claimant testified that on November 13,

1992, while lifting a one-hundred pound engine block, he felt a stiffness or pull in his back, unaccompanied by pain. Claimant continued his work-shift until 5:00 p.m. that day and then went home. The next morning, claimant noticed pain that had started to develop in his back.

Claimant sought medical treatment on November 17, 1992, from Dr. Vaclav Vokac, who diagnosed a lumbosacral strain. Based on claimant's statements to him, Dr. Vokac attributed the injury to a May 6, 1991, car accident that was merely aggravated by the lifting of heavy objects. Dr. Vokac's initial report of claimant's injury does not mention the November 13, 1992, incident as a cause of claimant's injury.

A physician's report by Dr. Vincent Dalton on October 26, 1993, indicates that claimant "injured his back while lifting heavy engine blocks in the shop." Dr. Dalton, who diagnosed degenerative joint disease accompanied by muscle spasms, stated that he could not necessarily correlate any pre-existing degenerative disc disease with the injury sustained on November 13, 1992. Dr. Dalton's records indicate that claimant reinjured his back on November 24, 1992, a fact not developed at the deputy commissioner's hearing.

Another physician's report is dated September 24, 1993, and was prepared by Dr. Blake Dennis, who treated claimant between December 11, 1992 and May 20, 1993. Dr. Dennis reached the same conclusion as Dr. Dalton, stating that "[claimant] injured back

2

lifting heavy engine blocks in the shop."

Finally, in his statement to an insurance representative, claimant mentioned that he had back problems originating with on-the-job bending and squatting. Claimant also stated that when he installed a transmission during the week preceding November 13, 1992, he experienced pain in his back and testified to this fact at the deputy commissioner's hearing.

Claimant filed a claim for workers' compensation benefits on October 7, 1993. The deputy commissioner heard evidence and filed an opinion on January 20, 1994, in which he ruled that, in light of claimant's inconsistent reports of his accident to doctors, he failed to prove an injury by accident. The commission reversed the deputy commissioner's ruling and awarded claimant benefits beginning November 17, 1992. The commission further stated that it could not rely on history relayed by a claimant to determine how an accident occurred.

## II.

### CONSIDERATION OF MEDICAL HISTORIES

As the Supreme Court of Virginia has stated, "injuries resulting from repetitive trauma . . . <u>as well as injuries sustained at an unknown time</u>, are not 'injuries by accident' within the meaning of Code § 65.1-7." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989)(emphasis added). In this case, the commission was confronted with conflicting accounts of when claimant's injury was sustained, and it was up to the

commission to decide in which capacity these accounts could be used in awarding or denying claimant compensation.  Unlike the practice in civil cases, Rule 2.2 of the Rules of the Workers' Compensation Commission provides, in part:

> Except for rules which the Commission promulgates, it is not bound by statutory or common law rules of pleading or evidence nor by technical rules of practice.
>
> The Commission will take evidence at hearing and make inquiry into the questions at issue to determine the substantial rights of the parties, and to this end hearsay evidence may be received.

See, e.g., Piedmont Manuf. Co. v. East, 17 Va. App. 499, 512-13, 438 S.E.2d 769, 777 (1993)(recognizing that commission is not bound by statutory or common law rules of evidence); Cox v. Oakwood Mining, Inc., 16 Va. App. 965, 969, 434 S.E.2d 904, 907 (1993)(recognizing that commission's rules permit hearsay evidence); Baker v. Babcock & Wilcox Co., 11 Va. App. 419, 426, 399 S.E.2d 630, 634 (1990)(stating that hearsay evidence is admissible before the commission); Franklin Mtg. Corp. v. Walker, 5 Va. App. 95, 99, 360 S.E.2d 861, 864 (1987)(recognizing the permissible use of hearsay without corroboration), aff'd en banc, 6 Va. App. 108, 367 S.E.2d 191 (1988).  This Court defers to the commission's interpretation of its rules and will affirm the commission's findings when supported by credible evidence.  See, e.g., James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

4

Because the commission may choose to consider the common law rules of evidence when the underlying rationale for the rule is helpful in reaching a decision, we have mentioned and discussed the common law rules of evidence in our past opinions.  For example, in Board of Supervisors of Henrico County v. Martin, 3 Va. App. 139, 348 S.E.2d 540 (1986), the claimant's hearing testimony proved that his accident was not compensable.  The commission nonetheless decided otherwise and relied on the claimant's medical histories given to his physician as proof of how the accident occurred.  We held that the commission's findings violated Massie v. Firmstone, 134 Va. 450, 462, 114 S.E. 652, 656 (1922), which stated that a party is bound by his or her unequivocal testimony at trial.  Any other language in Martin regarding the common law rules of evidence was dicta.

In Kane Plumbing, Inc. v. Small, 7 Va. App. 132, 371 S.E.2d 828 (1988), we held that the commission's statement that it would not rely on claimant's medical histories to determine how an accident occurred did not imply that the commission failed to consider the histories for other purposes, such as impeaching claimant or explaining the basis of the doctor's opinion.  In his concurring opinion in Small, Judge Moon elucidated the common law differences between a prior inconsistent statement and a party admission.  See id. at 139, 371 S.E.2d at 833.

We recently re-visited the issue of the proper use of medical histories in McMurphy Coal Co. v. Miller, __ Va. App. __,

5

__, __ S.E.2d __, __ (1995).  In response to the commission's use of the dicta in Martin, we wrote that under common law rules of evidence, medical histories are admissible substantively as party admissions.[1]  Id.  In any event, Miller must not be read to hold that the commission must follow common law rules of evidence.

After reviewing the evidence in this case, the deputy commissioner ruled that, in light of claimant's inconsistent reports of his accident to doctors and the insurance agent, he failed to prove an injury by accident.  The commission reversed the deputy commissioner's ruling and awarded claimant benefits beginning November 17, 1992.  The commission further stated that, based on Martin, it could not rely on history taken from a claimant to determine how an accident occurred.  The commission's broad statement is contrary to the common law principles enunciated in Martin, Small, and Miller, but more importantly, is contrary to Rule 2.2 which gives the commission "[t]he discretion to give probative weight to hearsay statements in arriving at its finding of facts."  Williams v. Fuqua, 199 Va. 709, 714, 101 S.E.2d 562, 566 (1958).

We therefore remand this case to the commission for consideration consistent with this opinion.

Reversed and remanded.

---

[1]  See Charles E. Friend, The Law of Evidence in Virginia § 18-34 (4th ed. 1993)("Party admissions are admitted to prove the truth of the matter asserted, and may be considered by the trier of fact for that purpose")(emphasis added)(footnote omitted).