COURT OF APPEALS OF VIRGINIA


Present:  Judges Koontz, Bray and Annunziata


MARLOWE HEATING & AIR CONDITIONING
AND
TRANSCONTINENTAL INSURANCE COMPANY

v.   Record No. 0719-95-4                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
CLIFFORD ROBERT LONG                         AUGUST 21, 1995

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Jonathan S. Rochkind; Law Offices of John W. Sheldon,
               on brief), for appellants.  Appellants submitting on
               brief.

               (Craig A. Brown; Ashcraft & Gerel, on brief), for
               appellee.  Appellee submitting on brief.


     Marlowe Heating & Air Conditioning and its insurer

(hereinafter collectively referred to as "employer") appeal from

a decision of the Workers' Compensation Commission ("commission")

awarding benefits to Clifford Robert Long ("claimant").  The

commission overruled the deputy commissioner's finding that

claimant's evidence failed to establish an injury by accident on

August 1, 1991, arising out of and in the course of his

employment.  On appeal, employer contends that the commission

erroneously applied Board of Supervisors v. Martin, 3 Va. App.

139, 348 S.E.2d 540 (1986), as the basis for reversing the deputy

commissioner.  We agree, reverse the commission's decision, and

remand the case for reconsideration in light of this opinion.[1]

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

          [1]Because we reverse the commission's decision and remand, we

will not address the issue raised by claimant on his cross-appeal, <u>i.e.</u>, whether the commission erred in failing to award disability benefits from September 1, 1991 through January 15, 1992.

## I.  FACTS

Claimant was a steam fitter/foreman who worked for employer. Claimant testified that on August 1, 1991, while working on a project for employer at the Pentagon, he stepped on a loose tile, causing him to fall and strike his right knee on a steel cross bar. Claimant denied that he had injured his right knee before August 1, 1991, but admitted that he had received medical treatment for arthritis in his right knee before August 1, 1991.

Claimant sought medical treatment on August 5, 1991, from Dr. Thomas Fieldson, who noted right leg, hip, and ankle pain but no specific diagnosis. Moreover, there was no indication in Dr. Fieldson's August 5, 1991 notes that claimant gave any history of a specific injury or accident.

On November 19, 1991, Dr. Neil A. Green, an orthopedic surgeon, examined claimant. Dr. Green noted complaints of right hip, thumb, and knee pain. There is no evidence in Dr. Green's notes of an August 1, 1991 accident as described by claimant at the hearing. Rather, Dr. Green indicated an accident date of July 1, 1991. He also noted that, "[p]atient states no specific incident of injury but has been followed by Dr. Fieldson for a significant period of time concerning pain in his right extremity."

On his December 3, 1991, December 10, 1991, and January 16, 1992 visits to Dr. Jeffrey H. Phillips, an orthopedic surgeon who practices with Dr. Green, claimant did not give any history of a

3

specific work-related accident.  In the caption to his notes, Dr. Phillips referenced a July 1, 1991 date of accident.  Not until January 28, 1992, did Dr. Phillips note that "[Long] tells me now that he hurt his knee when he fell at work.  This is a new history."

In his January 24, 1992 statement to an insurance representative, claimant stated that the first time he experienced right knee problems was on a job at Andrews Air Force Base at the end of July 1991.  Claimant stated that he fell over a brace located in a trench and hurt his knee on that occasion.  He also stated that he aggravated the July 1991 knee injury while on the Pentagon job approximately three days before he went to the doctor on August 5, 1991.  He asserted that this aggravation occurred when he stepped on a loose tile and bumped his knee.

Finally, claimant testified that he reported the August 1, 1991 accident to employer and that he filled out an accident report two days later.  Jean Marlowe, employer's vice-president, investigated the claim and testified that no one at the company had any knowledge of an alleged injury until December 1991, when claimant called her concerning additional medical treatment.

Claimant filed a claim for workers' compensation benefits on January 14, 1993.  The deputy commissioner heard evidence and ruled that, in light of the inconsistencies in the record, claimant failed to prove an injury by accident.  The deputy specifically noted the following factors:  (1) claimant made no

4

mention to anyone at work of the August 1, 1991 incident; (2) claimant did not describe an injury by accident to Dr. Fieldson on August 5, 1991; (3) claimant denied any specific injury when he came under Dr. Green's care, who referenced a date of accident of July 1, 1991; and (4) in his recorded statement, claimant alleged that the onset of his knee pain occurred in a July 1991 accident in Maryland.  The commission reversed the deputy's ruling and awarded benefits from January 16, 1992 to February 23, 1992.  The commission stated that it could not rely upon the medical histories to determine how the accident occurred.

## II.   CONSIDERATION OF MEDICAL HISTORIES

The commission was confronted with inconsistent and incomplete accounts of when claimant sustained his knee injury. It was within the commissions's discretion to consider this evidence in adjudicating the claim.

The commission erroneously applied Martin.  It gave no weight to claimant's prior inconsistent and incomplete histories given to his physicians.  In McMurphy Coal Co. v. Miller, 20 Va. App. 57, 59, 455 S.E.2d 265, 266 (1995), we held that under common law rules of evidence, medical histories are admissible substantively as party admissions.  Thereafter, we recognized in Pence Nissan Oldsmobile v. Oliver, 20 Va. App. 314, 456 S.E.2d 541 (1995), that, under Rule 2.2 of the Rules of the Virginia Workers' Compensation Commission, the commission may consider medical histories in determining how an accident occurred.  Rule

5

2.2 gives the commission "'[t]he discretion to give probative weight to hearsay statements in arriving at its findings of fact.'" Id. at 319, 456 S.E.2d at 544 (quoting Williams v. Fuqua, 199 Va. 709, 714, 101 S.E.2d 562, 566 (1958)). As we stated in Pence, "[t]he commission's broad statement [that it could not rely on medical histories to determine how an accident occurred] is contrary to the common law principles enunciated in Martin, [Kane Plumbing, Inc. v.] Small, [7 Va. App. 132, 371 S.E.2d 828 (1988)] and Miller, [and] . . . is contrary to Rule 2.2 . . . ." Pence, 20 Va. App. at 319, 456 S.E.2d at 544.

"By failing to consider [the inconsistent and incomplete medical histories], the commission ignored relevant evidence that supported the appellants' position and, when coupled with other evidence, this action may have affected the outcome of this case." McMurphy, 20 Va. App. at 60, 455 S.E.2d at 267. Accordingly, we remand this case for review to the commission so it may properly consider all relevant evidence to determine whether claimant proved that he sustained a compensable injury by accident arising out of and in the course of his employment.

Reversed and remanded.

6