COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

MERCHANT'S TIRE
AND
FIRST NATIONAL INSURANCE COMPANY OF AMERICA

v.          Record No. 1880-95-1          MEMORANDUM OPINION[*]
                                                  PER CURIAM
EDWIN CHARLES HOLDEN                      DECEMBER 27, 1995

             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (Robert C. Baker, Jr.; Mell, Brownell & Baker,
              on brief), for appellants.

             (Byron A. Adams, on brief), for appellee.


     Merchant's Tire and its insurer (collectively referred to as

employer) appeal a decision of the Workers' Compensation

Commission (commission) awarding benefits to Edwin C. Holden

(claimant).  Employer contends that the commission erred in

finding that claimant sustained an injury by accident arising out

of and in the course of his employment on September 5, 1994.

Specifically, employer argues that the commission erred in

reversing the deputy commissioner's credibility determination and

in not following this Court's holding in Pence Nissan Oldsmobile

v. Oliver, 20 Va. App. 314, 456 S.E.2d 541 (1995).  Finding no

error, we affirm the commission's decision.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

─────────────────
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

On September 5, 1994, claimant worked for employer as a general service mechanic. He testified that, on that date, he felt a sharp pain in his lower back while twisting his body and lifting an automobile tire from a stand-up tire machine. The pain was so severe that it caused him to drop the tire and drop to his knees. Claimant was not able to complete his work shift due to increasing back pain. The next day claimant told Jay Myers, the assistant store manager, about the incident and his injury. Thereafter, claimant reported to Sentara Hampton General Hospital's emergency room for treatment. The emergency room attending physician reported a history of lifting at work the previous day, with an acute onset of low back pain. He diagnosed an acute lumbar strain and referred claimant to Dr. Bruce Reid, an orthopedic surgeon.

On September 12, 1994, Dr. Reid noted that claimant's back pain began on September 5, 1994, but that claimant did not admit to any specific episode at work. Dr. Reid also noted that claimant believed the sum total of his work activities caused his back pain. Dr. Reid diagnosed myofascial-type pain and a thoracic/lumbar strain. On November 10, 1994, after a short course of physical therapy, Dr. Reid released claimant to return

2

to full-duty. Claimant denied telling Dr. Reid that his injury did not result from a specific incident at work. Claimant also denied telling Dr. Reid that he believed the sum total of his lifting activities at work caused his injury.

The deputy commissioner did not accept claimant's testimony because it was not consistent with the medical history collected by Dr. Reid. The full commission reversed the deputy's determination, and found that

> the claimant has met his burden. He testified that he felt a sharp pain in his lower back while lifting a tire and twisting. The record reflects that the claimant left work due to his pain. His testimony that he informed the assistant manager of the injury the following day is uncontradicted. We next consider whether the medical record supports the claimant's testimony. A medical history cannot be relied on to determine how an accident occurred. Board of Supervisors v. Martin, 3 Va. App. 139, 348 S.E.2d 540 (1986), appeal dismissed, 363 S.E.2d 703 (Va. 1987). However, it is admissible as either a prior consistent or inconsistent statement, or as an admission of a party opponent. 2 Charles E. Friend, The Law of Evidence in

3

_Virginia_, §§ 18-33, 34 (4th ed. 1993). Here, the initial treating physician noted a history of lifting at work, with an acute onset of lower back pain. His diagnosis of an acute lumbar strain is more consistent with an injury from an identifiable incident, rather than a cumulative trauma injury.

If, as in this case, "the deputy commissioner's determination of credibility is based upon the substance of the testimony rather than upon the witness's demeanor, such a finding is as determinable by the full commission as by the deputy." _Kroger Co. v. Morris_, 14 Va. App. 233, 236, 415 S.E.2d 879, 880 (1992).

Claimant's testimony, which is consistent with the emergency room attending physician's notes, provides credible evidence to support the commission's finding that claimant sustained an injury by accident arising out of and in the course of his employment on September 5, 1994. The deputy commissioner's credibility determination was based on the evidence and the substance of claimant's testimony. Therefore, the full commission could make its own credibility determination. Id. In its role as fact finder, the commission was entitled to give little weight to Dr. Reid's history notes in light of claimant's denial that he made such statements to Dr. Reid. Moreover, without specifically citing to _Pence_, the commission followed

4

<u>Pence's</u> directive by considering claimant's description of his accident in light of the medical histories he gave to his physicians.[1]

The commission could reasonably infer from claimant's testimony and the emergency room attending physician's history and diagnosis that claimant sustained an identifiable incident on September 5, 1994, which caused an obvious sudden mechanical or structural change in his body. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." <u>Hawks v. Henrico County Sch. Bd.</u>, 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>

---

[1]The commission stated that "a medical history cannot be relied on to determine how an accident occurred." <u>Martin</u>, 3 Va. App. at 144, 348 S.E.2d at 542. We note that this rule applies when the claimant fails to testify to facts showing an injury by accident. In that situation, the rule prevents the claimant from using a medical history to meet his burden of proof. <u>Pence</u>, 20 Va. App. at 318, 456 S.E.2d at 543. As the commission correctly noted, medical histories are admissible to corroborate or impeach testimony where a claimant has testified to facts showing an injury by accident. <u>McMurphy Coal Co. v. Miller</u>, 20 Va. App. 57, 59, 455 S.E.2d 265, 266 (1995).