COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


PENCE NISSAN OLDSMOBILE
AND
MERCHANTS OF VIRGINIA GROUP
 SELF INSURANCE ASSOCIATION                    MEMORANDUM OPINION[*]
                                                    PER CURIAM
v.    Record No. 1779-95-2                     JANUARY 23, 1996

DARRYL D. OLIVER, SR.


                                         FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

            (Rodney A. Satterwhite; McGuire, Woods, Battle &
            Boothe, on briefs), for appellants.

            (Louis D. Snesil; McDonald & Snesil, on brief), for
            appellee.


     Pence Nissan Oldsmobile and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that Darryl D. Oliver,

Sr. ("claimant") sustained an injury by accident arising out of

and in the course of his employment on November 13, 1992.

Employer argues that the commission failed to follow this Court's

ruling in Pence Nissan Oldsmobile v. Oliver, 20 Va. App. 314, 456

S.E.2d 541 (1995), by not adequately considering conflicting

medical histories in determining whether claimant met his burden

of proof on remand.  Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

5A:27.

In finding that claimant proved an injury by accident arising out of and in the course of his employment, the commission stated the following:

> Having considered these [medical] histories, we reach the same result as set forth in our prior Opinion of July 7, 1994. The claimant clearly had a preexisting low back injury. In addition, he suffers from a degenerative condition in his spine which has been evident for some 20 years. At the same time, the claimant has clearly described a low back injury occurring at a specific time and place while lifting an engine block on November 13, 1992. The medical histories, commencing with the first date of treatment, make reference to a back injury while lifting heavy objects or moving a heavy engine block, as noted above. These histories are consistent with the claimant's testimony, and upon this finding, we RE-AFFIRM our Opinion of July 7, 1994.

"In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the cause of [the] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Claimant's undisputed testimony provides credible evidence to support the commission's finding. Thus, that finding is conclusive on this appeal. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In rendering its decision, the commission considered the medical histories and claimant's recorded statement, and resolved

2

any conflicts in this evidence in favor of claimant. "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Id.

For the reasons stated, we affirm the commission's decision.

Affirmed.