COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


LINDA JOYCE BOWERS

v.   Record No. 2486-95-3                    MEMORANDUM OPINION*
                                                 PER CURIAM
TRW, INC.                                     APRIL 16, 1996
AND
CONTINENTAL CASUALTY COMPANY


                             FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

            (B. L. Conway, II; Conway & Conway, on brief), for
            appellant.

            (John E. Kieffer; Woodward, Miles & Flannagan, on
            brief), for appellees.


        Linda Bowers (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that she

failed to prove that she sustained an injury by accident arising

out of and in the course of her employment on April 12, 1994.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In

order to carry [her] burden of proving an 'injury by accident' a

claimant must prove that the cause of [her] injury was an

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Claimant testified that, on April 12, 1994, she had been working on Station 20 for approximately two hours, performing a job which required repetitive twisting, before she felt any pain. At approximately 5:10 a.m., as she turned to place a twenty-pound gear into a box, her leg suddenly began to hurt. After a ten-minute break, she began working at Station 6. This work required her to stand. After she began working on Station 6, she noticed swelling in her left knee.

On April 13, 1994, claimant sought treatment at a Johnson County Hospital specialty clinic. The doctor's notes reported that claimant's "left knee felt tight while standing" at work, but did not mention any specific incident. On April 14, 1994, claimant sought medical treatment at Med-One, where she provided a history of knee swelling. She complained of increasing stiffness and difficulty straightening her leg and walking. However, these notes did not contain a history of a specific incident at work. On April 18, 1994, claimant sought treatment at the Johnson City Hospital emergency room. Emergency room

2

personnel noted that, beginning on April 11, 1994, claimant noticed left knee swelling, but she gave no history of an injury.

On April 28, 1994, claimant began treating with Dr. Thomas Huddleston, an orthopedic surgeon. Dr. Huddleston noted that claimant complained of left knee pain of a two-week duration. He also noted that she denied any trauma, but that she thought her pain started on April 13, 1994, while she was standing and twisting at work. On May 5, 1994, Dr. Huddleston noted a history of "pain in the knee after repetitive twisting at work." Dr. Huddleston eventually diagnosed a torn medial meniscus, for which claimant underwent arthroscopic surgery on May 18, 1994.

In a December 8, 1994 letter to claimant's counsel, Dr. Huddleston opined that claimant's knee injury was caused by repetitive twisting at work. Dr. Huddleston noted that claimant could not relate one particular traumatic incident, but that her knee began to hurt one day at work after she performed a task involving repetitive twisting. Dr. Huddleston clarified his opinion in a December 13, 1994 letter to claimant's counsel, written after Dr. Huddleston received a telephone call from claimant's counsel instructing him on Virginia law. Dr. Huddleston stated that claimant's left knee began to swell at work on a particular day after a short period of twisting and bending forward. During his January 25, 1994 deposition, Dr. Huddleston opined that claimant suffered an acute knee injury, rather than a cumulative trauma injury, even though he

acknowledged that claimant did not relate any specific incident to him and that she connected her knee pain to repetitive twisting at work.

On August 1, 1994, claimant gave a recorded statement to employer's insurance representative. In the statement, claimant related that, after she came back from a break and started working in a standing position, her left knee began to tighten and swell, and that her symptoms gradually worsened by the end of the shift. Later in the statement, claimant said she believed that her injury might have been caused by her general work activities of straining, lifting, and twisting on Station 20. An internal incident report completed by claimant on May 5, 1994 is consistent with claimant's statements to the employer's insurance representative.

In finding that claimant failed to prove that she suffered an injury by accident on April 12, 1994, the commission found as follows:

> [Claimant's] testimony stands in marked
> contrast to all other statements given by the
> claimant in close proximity to the occurrence
> . . . . [W]e do attach significance to the
> histories and statements given by claimant
> shortly after the pain commenced, all to the
> effect that she experienced a gradual onset
> of left knee pain, perhaps over the two and
> one-half hours that she worked at Station 20,
> if not longer. While the injury itself may
> well have been caused by the strain of her
> employment, such injuries are not compensable
> if they occur gradually.

"[I]njuries resulting from repetitive trauma . . . as well

4

as injuries sustained at an unknown time, are not 'injuries by accident' within the meaning of Code § 65.1-7 [now Code § 65.2-101]." Morris, 238 Va. at 589, 385 S.E.2d at 865. After reviewing and weighing all of the evidence, the commission ruled that, in light of claimant's pre-hearing failure to mention a specific incident that was similar to the incident to which she testified, she failed to prove an injury by accident.

The commission was confronted with conflicting accounts of how and when claimant's knee injury was sustained, and it was for the commission to decide the weight to be given these accounts and the credibility of the witnesses. See Pence Nissan Oldsmobile v. Oliver, 20 Va. App. 314, 317, 456 S.E.2d 541, 543 (1995). The commission may consider medical histories as party admissions and as impeachment of the claimant's testimony. Id. at 318-19, 456 S.E.2d at 543-44. Accordingly, we cannot say as a matter of law that claimant's evidence sustained her burden of proving an injury by accident occurring on April 12, 1994.

For the reasons stated, we affirm the commission's decision.

Affirmed.