COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Annunziata and Senior Judge Hodges
Argued at Norfolk, Virginia

DOROTHY NORTON

v.    Record No. 1974-95-1                    MEMORANDUM OPINION[*] BY
                                             JUDGE WILLIAM H. HODGES
OPTON, INC. AND                              MAY 7, 1996
 HARTFORD CASUALTY INSURANCE COMPANY

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Annette Miller (Parker, Pollard & Brown, on
               brief), for appellant.

               S. Vernon Priddy, III (Mary Louise Kramer;
               Matthew J. Ide; Sands, Anderson, Marks &
               Miller, on brief), for appellees.


     Dorothy Norton ("claimant") appeals a decision of the

Workers' Compensation Commission ("commission") denying her

application which alleged an injury by accident arising out of

and in the course of her employment on November 24, 1993.  Norton

contends that the commission erred in (1) finding that she failed

to prove an "injury by accident"; and (2) arbitrarily

disregarding the deputy commissioner's credibility determination.

 Finding no error, we affirm.

                              **I.**

     In December 1992, claimant began working for Opton, Inc.

("employer") on the company's assembly line.  On November 24,

1993, claimant helped her supervisor, Gary Durham, perform

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

repacking work.  This work involved transferring the company's product from temporary boxes to permanent boxes.  While doing repacks, claimant assisted Durham in retrieving empty boxes from overhead shelving.  Claimant testified that, as she began to place one set of four empty boxes on the floor, she felt a pop and a slight pain in her back.  Claimant continued to work and did not report her injury to Durham until November 29, 1993, her first day back to work after the Thanksgiving holiday.  Claimant testified that she told Durham she hurt her back "the last night we worked lifting boxes."  She did not tell him about a particular lifting incident or that she felt a pop in her back.

In a January 14, 1994 recorded telephone interview with Janis Mason, employer's insurance adjuster, claimant said that her back and right shoulder pain did not start until Thanksgiving day, the day after she did the repacks.  At that time, she also did not mention the onset of any sudden pain when she lifted a particular set of boxes.  Rather, she simply mentioned picking up numerous boxes and packing them.

Medical records showed that claimant told doctors that, after she lifted boxes at work, she felt pain in her back and right shoulder.  The transcribed notes of Dr. Mendez of the Riverside Medical Center, the first medical facility claimant visited, reflected that she lifted a heavy box, while the handwritten notes stated that she lifted heavy boxes.

The deputy commissioner awarded claimant medical benefits

and temporary total disability benefits, basing his determination that claimant proved she suffered an injury by accident on claimant's testimony and the Riverside medical records. The deputy commissioner found claimant credible, noting that "she evidenced no visual or verbal cues that would indicate she was lying." The deputy commissioner ruled that any contradictory information in medical records or the recorded telephone interview was insignificant.

The full commission reversed the deputy commissioner's decision. In rejecting the deputy commissioner's decision and finding that claimant did not meet her burden of proof, the commission relied upon the recorded telephone interview and various inconsistencies revealed by the medical records. The commission noted that, although the insurance adjuster invited claimant to describe a specific precipitating event, she failed to provide details of a single event or any symptoms on the alleged date of the accident. Instead, claimant related a general answer of lifting and packing boxes at work all day and then experiencing pain the next day, as she did to many of her physicians. The commission found that, although some of the medical records related information consistent with an accidental event on the day before Thanksgiving, they did not describe events as depicted by claimant's hearing testimony.

## II.

On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In order to carry [her] burden of proving an 'injury by accident' a claimant must prove that the cause of [her] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body."  Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).  Unless we can say as a matter of law that the claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive.  Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission was confronted with claimant's inconsistent accounts of how and when her injury occurred, and it was up to the commission to decide the weight to be given to these accounts and the credibility of the witnesses in awarding or denying the claimant compensation.  See Pence Nissan Oldsmobile v. Oliver, 20 Va. App. 314, 317, 456 S.E.2d 541, 543 (1995).  The commission may consider medical histories as party admissions and as impeachment of the claimant's testimony.  Id. at 319, 456 S.E.2d at 544.  We find that this rule also applies to admissions made by a claimant in properly conducted recorded statements.

Although claimant testified that she felt a pop and a slight pain in her back when lifting a set of boxes at work, she did not make this specific claim at any other time.  She failed to

4

mention it during her recorded telephone interview with the insurance adjuster and she spoke in general terms to her physicians about lifting heavy boxes at work. The questions asked by the insurance adjuster provided claimant ample opportunity to specify that she suffered immediate pain upon lifting the last set of boxes and that her injury occurred at work. Instead, claimant responded with generalizations about lifting boxes at work and then feeling pain the next day at home. A gradually incurred injury or cumulative trauma injury is not compensable as an "injury by accident." Morris, 238 Va. at 586, 385 S.E.2d at 863.

The commission, in its role as fact finder, was entitled to give little weight to the transcribed version of the Riverside medical report, which stated that claimant "lifted a heavy box at work and felt pain in the right of her back." This transcribed version conflicted with the handwritten notes, which mentioned "lifted heavy boxes," and claimant's other previous statements, which did not support a specific precipitating event. In addition, the medical reports which referred to an acute onset of pain or the pulling of her shoulder did not cite any particular lifting incident at work as causing an obvious sudden mechanical or structural change in her body.

Based upon the inconsistencies between claimant's testimony, the medical records, and the recorded telephone interview, we cannot find as a matter of law that claimant met her burden of

5

proof. In essence, claimant asks us to reweigh the evidence and the credibility of the witnesses. We cannot do so on appeal. See Wagner Enters, Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

### III.

"When the deputy commissioner makes an explicit finding of credibility based upon a witness' demeanor or appearance at the hearing, the commission may reverse that factual finding when it articulates a basis for its different conclusion that is supported by credible evidence." Bullion Hollow Enters., Inc. v. Lane, 14 Va. App. 725, 728, 418 S.E.2d 904, 907 (1992).

The commission acknowledged the deputy commissioner's credibility finding, and then set forth its specific reasons, which are supported by the evidence, for rejecting his finding. The commission found that claimant did not meet her burden of proof due to the inconsistency between the histories she gave to her physicians and her hearing testimony. In addition, the commission relied upon the claimant's recorded telephone interview, conducted one and one-half months after her alleged accident, in which she was invited to describe a specific incident but she failed to do so. This recorded statement, combined with the lack of a consistent medical history of a specific lifting incident, supports the commission's conclusion that claimant's hearing testimony was impeached by her own prior statements. Accordingly, we cannot say as a matter of law that

6

the commission erred in reversing the deputy commissioner's credibility determination.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>
