COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


ANTHONY D. BRIGGS

v.   Record No. 2658-95-1                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
HENDRICKS GUTTERING COMPANY                  MAY 14, 1996
AND
NATIONAL GRANGE MUTUAL
 INSURANCE COMPANY


                              FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

            (Annette Miller; Parker, Pollard & Brown,
            on brief), for appellant.

            (William C. Walker; Bradford C. Jacob;
            Taylor & Walker, on brief), for appellees.


     Anthony D. Briggs contends that the Workers' Compensation

Commission erred in finding that he failed to prove that he

sustained a neck injury as a result of a work-related accident

which occurred on June 17, 1994.  Upon reviewing the record and

the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that Briggs' evidence

sustained his burden of proof, the commission's findings are

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

conclusive and binding upon us.  Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Briggs testified that, on June 17, 1994, while working for Hendricks Guttering Company, he slipped on nails while walking across a roof, causing him to fall on his side.  He testified that after the accident, his neck symptoms were so severe that he had to leave work on June 23, 1994.  However, he did not seek medical treatment for his alleged neck injury until he went to Sentara Hampton Hospital August 4, 1994.  In the meantime, on July 12, 1994, Briggs saw Dr. Richard B. McAdam, a physician who was treating him for a 1993 back injury.  During the July 12, 1994 office visit, Briggs did not tell Dr. McAdam about the alleged June 17, 1994 neck injury or a work-related accident on that date.  Furthermore, Briggs told Dr. McAdam he had been fired from his job, which was contrary to his hearing testimony that he left work due to neck pain.  Dr. McAdam referred Briggs for work hardening for his back condition.

On August 4, 1994, Briggs told Dr. JoAnne Schmidt, a Sentara physician, that his neck pain resolved after the accident, but recurred several weeks prior to August 4, 1994.  This assertion was inconsistent with Briggs' testimony and was not supported by Dr. McAdam's July 12, 1994 notes.  Dr. Schmidt again referred Briggs to Dr. McAdam, who saw him on August 15, 1994.  On that date, Dr. McAdam found no objective evidence of a neck injury. Dr. McAdam diagnosed cervical radiculopathy based on Briggs'

subjective complaints. However, Dr. McAdam interpreted an MRI performed on August 17, 1994 as normal. Dr. McAdam advised Briggs that no further work-up was necessary.

Briggs testified that Dr. McAdam referred him to Dr. T. J. Shacochis. No evidence supports such a referral. Dr. Shacochis examined Briggs on August 26, 1994. On that date, Briggs told Dr. Shacochis that he had "been followed by Dr. McAdam" since a June 20, 1994 work-related accident and that he had been out of work since the incident. This history conflicted with the records of Drs. McAdam and Schmidt. Moreover, Dr. Shacochis' diagnosis, like Dr. McAdam's, was based upon Briggs' subjective complaints rather than upon any objective findings of an injury.

Based upon the inconsistencies between his testimony and the medical records and the inaccurate histories given by Briggs to Drs. Schmidt and Shacochis, the commission rejected Briggs' claim of a neck injury as a result of a June 17, 1994 work-related accident. The commission's findings are supported by the record and will not be disturbed on appeal. "It lies within the commission's authority to determine the facts and the weight of the evidence . . . ." Rose v. Red's Hitch & Trailer Serv., Inc., 11 Va. App. 55, 60, 396 S.E.2d 392, 395 (1990). Moreover, the commission may consider medical histories as party admissions and for purposes of impeachment of the claimant's testimony. Pence Nissan Oldsmobile v. Oliver, 20 Va. App. 314, 319, 456 S.E.2d 541, 544 (1995).

3

Based upon the inconsistencies between Briggs' testimony and the medical records and his failure to give accurate histories to Drs. Schmidt and Shacochis, we cannot say as a matter of law that Briggs' proved he sustained a neck injury as a result of a June 17, 1994 work-related accident.

Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>

4