COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


ROGER A. MAYHEW

MEMORANDUM OPINION[*]
v.    Record No. 0458-96-3               PER CURIAM
AUGUST 13, 1996
THE LANE COMPANY, INC.


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(James B. Feinman; Esther S. McGuinn, on
brief), for appellant.

(Richard D. Lucas; Carter, Brown & Osborne,
on brief), for appellee.


Roger A. Mayhew ("claimant") contends that the Workers'

Compensation Commission ("commission") erred in finding that he

failed to prove that he sustained an injury by accident arising

out of and in the course of his employment on February 14, 1995.

Specifically, claimant argues that the commission denied him due

process and erred in considering hearsay statements contained in

the medical records and other reports to support its finding that

his testimony relating a specific identifiable incident was not

credible.  Upon reviewing the record and the briefs of the

parties, we find that this appeal is without merit.  Accordingly,

we summarily affirm the commission's decision.  Rule 5A:27.

On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

order to carry his burden of proving an 'injury by accident' a claimant must prove that the cause of his injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In ruling that claimant failed to prove he sustained an identifiable incident, the commission in adopting by reference the findings of the deputy commissioner found as follows:

> [C]laimant['s testimony] described the elbow injury as occurring as he was attempting to dislodge and lift a box containing a chest of drawers which was stacked on top of other boxes of furniture near the front of the trailer. This testimony must be considered in light of the earlier histories recorded by medical personnel, as well as his employer. Those histories related only the onset of right arm pain "at work" or during the entire unloading procedure.
> The claimant's testimony . . . does not necessarily conflict with the earlier histories of injury which he provided. . . .
> [H]is testimony differs only in the detail provided, as to the work being performed at the time the injury occurred. However, the claimant made several reports regarding the onset of pain prior to the taking of testimony at the Hearing, and in none of those reports was a sudden onset of pain reported, nor the onset of pain associated with lifting any particular box. . . . [W]e are persuaded that he was afforded ample opportunity to report a sudden injury, but his reports suggest only a gradual onset of pain.

"[I]njuries resulting from repetitive trauma . . . as well as injuries sustained at an unknown time, are not 'injuries by accident' within the meaning of Code § 65.1-7 [now Code § 65.2-101]."  Morris, 238 Va. At 589, 385 S.E.2d at 865.  After reviewing and weighing all of the evidence, the commission ruled that, in light of claimant's failure to mention a specific incident in any of his pre-hearing statements or the medical histories he failed to prove an injury by accident.

The commission was confronted with differing accounts of how and when claimant sustained his elbow injury, and it was for the commission to decide the weight to be given these accounts and the credibility of the witnesses.  See Pence Nissan Oldsmobile v. Oliver, 20 Va. App. 314, 317, 456 S.E.2d 541, 543 (1995).  The commission may consider medical histories as party admissions and as impeachment of the claimant's testimony.  Id. at 318-19, 456 S.E.2d at 543-44.  Accordingly, we cannot say as a matter of law that claimant's evidence sustained his burden of proving an injury by accident occurring on February 14, 1995.

For the reasons stated, we affirm the commission's decision.

Affirmed.