COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


JUDY SHAVER HOPCROFT

v.   Record No. 2256-96-3                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
HOOKER FURNITURE CORPORATION                   MARCH 4, 1997
AND
HARTFORD FIRE INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Carr L. Kinder, Jr.; Kinder & Fogel, on
                brief), for appellant.

                (Jonnie L. Speight; Johnson, Ayers &
                Matthews, on brief), for appellees.


     Judy Shaver Hopcroft (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that (1)

she failed to prove she sustained an injury by accident arising

out of and in the course of her employment on February 14, 1995;

and (2) she failed to give Hooker Furniture Corporation

(employer) timely notice of her alleged injury by accident as

required by Code § 65.2-600.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

order to carry [her] burden of proving an 'injury by accident,' a claimant must prove the cause of [her] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).

Claimant testified that her job required her to bend over and pick up four-by-four inch sections of pallet, which she then joined together with wooden dowels and blade nails. She then placed the completed item on another pallet or a truck. She testified that on February 14, 1995, she felt sharp pains in her back and legs as she "was bending down." In a March 20, 1995 recorded interview with employer's insurance adjuster, claimant talked about bending and lifting activities, but did not know exactly how her injury occurred. In fact, she stated that it might have been caused by "pushing a motor truck."

On February 23, 1995, claimant told Dr. Pope that she had suffered "no trauma." On February 28, 1995, Dr. Sander W. Leivy reported that claimant "began having" pain at work approximately two weeks earlier, but he did not mention the injury described by claimant.

In rendering its decision, the commission recognized the inconsistencies between claimant's testimony, her statements during the recorded interview, and the histories of injury recorded by her treating physicians. Based upon these inconsistencies, the commission found that claimant was not a

2

credible witness, her testimony was unpersuasive, and she failed to prove an injury by accident.

Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's finding is binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970). It is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). The commission was confronted with inconsistent accounts of how claimant's injury was sustained, and it was for the commission to decide the weight to be given these accounts and the credibility of the witnesses. Pence Nissan Oldsmobile v. Oliver, 20 Va. App. 314, 317, 456 S.E.2d 541, 543 (1995). The commission may consider medical histories as party admissions and as impeachment of the claimant's testimony. Id. at 318-19, 456 S.E.2d at 543-44. Based upon this record, the commission was entitled to conclude that claimant's testimony was not credible. Accordingly, we cannot find as a matter of law that claimant's evidence sustained her burden of proof.

Because our finding on this issue disposes of this appeal, we will not address the notice issue presented by claimant.

For the reasons stated, we affirm the commission's decision.

Affirmed.

3