COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Bumgardner

B & N CONTRACTORS, INC. AND GENERAL
 ACCIDENT INSURANCE COMPANY OF AMERICA
                                          MEMORANDUM OPINION[*]
v.          Record No. 0575-98-1              PER CURIAM
                                            JULY 21, 1998
VEARLYN WHEELER

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Bradford C. Jacob; Taylor & Walker, P.C., on
          brief), for appellants.

          (Byron A. Adams, on brief), for appellee.


     B & N Contractors, Inc. and its insurer (hereinafter

referred to as employer) contend that the Workers' Compensation

Commission (commission) erred in reversing the deputy

commissioner's credibility determination and finding that Vearlyn

Wheeler (claimant) proved that she sustained an injury by

accident arising out of and in the course of her employment on

December 2, 1996.  Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In

order to carry [her] burden of proving an 'injury by accident,' a

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

claimant must prove that the <u>cause</u> of [her] injury was an <u>identifiable incident or sudden precipitating event</u> and that it resulted in an <u>obvious sudden mechanical or structural change in the body</u>." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).

The deputy commissioner found that claimant did not prove she sustained an injury by accident arising out of and in the course of her employment on December 2, 1996. In so ruling, the deputy commissioner found that claimant's testimony was not credible. The deputy commissioner noted that "claimant testified in a stilted manner without eye contact" and that she "exaggerated her injuries, in particular, asserting that even as of the hearing she was suffering from dizziness and blurred vision . . . ."

The full commission reversed the deputy commissioner's credibility determination. The full commission based its decision on the fact that "the medical records corroborate [claimant's] testimony that she was struck in the head by an arrow sign when a beam was thrown on the ground."

Employer contends that the full commission disregarded the deputy commissioner's credibility determination without a sufficient basis to do so. However,

> [t]he principle set forth in [<u>Goodyear Tire & Rubber Co. v.</u>] <u>Pierce</u>[, 5 Va. App. 374, 383, 363 S.E.2d 433, 438 (1987),] does not make the deputy commissioner's credibility findings unreviewable by the commission. Rather, it merely requires the commission to articulate its reasons for reversing a

> specific credibility determination of the deputy commissioner when that determination is based upon a recorded observation of the demeanor or appearance of a witness. In short, the rule in <u>Pierce</u> prevents the commission from arbitrarily disregarding an explicit credibility finding of the deputy commissioner.

<u>Bullion Hollow Enters., Inc. v. Lane</u>, 14 Va. App. 725, 729, 418 S.E.2d 904, 907 (1992).

Here, the commission articulated specific reasons for disagreeing with the deputy commissioner's credibility determination. Contrary to employer's assertion, the commission properly considered the histories contained in the medical records to corroborate claimant's testimony regarding the accident. <u>See</u> <u>Pence Nissan Oldsmobile v. Oliver</u>, 20 Va. App. 314, 319, 456 S.E.2d 541, 544 (1995).

Moreover, when the commission's findings are supported by credible evidence, as in this case, those findings are conclusive and binding on appeal. <u>See</u> <u>Ross Lab. v. Barbour</u>, 13 Va. App. 373, 377-78, 412 S.E.2d 205, 208 (1991). Claimant testified that on December 2, 1996, she took a break after helping to unload beams from a truck and stood beside an arrow board sign, which was on a stand with two wheels. Claimant stated that an employee was throwing beams on the ground, and she was told that one of the beams bounced up and hit the stand. As she stood under the sign, it started to roll. Claimant thought that she had moved out of the sign's path, but an iron part of the sign hit her head.

Claimant reported the incident to her supervisor and sought medical treatment that day. The medical records contain a history of the accident consistent with claimant's testimony. In addition, claimant's neighbor, Theresa D. McKenney, testified that on December 2, 1996 between 2:00 and 3:00 p.m., claimant came to her house and was "incoherent." Claimant reported the accident to McKenney. McKenney testified that claimant was dizzy and could not see very well. McKenney accompanied claimant in a taxicab to the hospital emergency room.

Based upon claimant's testimony, which was corroborated by McKenney's testimony and the medical records, we find that credible evidence supports the commission's decision that claimant sustained an injury by accident arising out of and in the course of her employment on December 2, 1996. "Although contrary evidence may exist in the record, findings of fact made by the commission will be upheld on appeal when supported by credible evidence." Bullion, 14 Va. App. at 730, 418 S.E.2d at 907.

For these reasons, we affirm the commission's decision.

Affirmed.