COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


BOBBY MORTON
                                    MEMORANDUM OPINION*
v.    Record No. 2326-98-2              PER CURIAM
                                       MAY 4, 1999
SERVICEMASTER CONSUMER SERVICE
 AND ZURICH INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Lindsay G. Dorrier, Jr., on brief), for
          appellant.

          (Charles F. Midkiff; Midkiff & Hiner, P.C.,
          on brief), for appellees.


     Bobby Morton ("claimant") contends that the Workers'

Compensation Commission ("commission") erred in finding that he

failed to prove that he sustained an injury by accident arising

out of and in the course of his employment on August 2, 1997.[1]

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  See Rule 5A:27.

---

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

     [1]Claimant presented five questions in his brief.  All of
those questions relate to the pivotal issue of whether he proved
that a specific identifiable incident occurred on August 2,
1997.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

"In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the cause of [the] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body."  Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989) (citations omitted).  Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering. Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant's application, the commission found as follows:

> Although the claimant at some point in his testimony indicated that he had hurt his back while lifting a bag of laundry, the Deputy Commissioner concluded that Morton had failed to prove that his injury resulted from any specific incident or identifiable event.  We have carefully reviewed the record, and find no reason to reverse the implied credibility determination made by the Deputy Commissioner.  The claimant has given different versions of his alleged accident.  Although he presently contends that he hurt his back while lifting laundry early in the work shift, he had previously indicated that his injury occurred later in the work shift as he was shampooing carpets or cleaning the rooms.  Also, he denied any prior back pain or problems with his back,

- 2 -

> but that denial is contradicted by the
> medical records.  The August 4, 1997,
> accident report, signed by the claimant,
> indicates that he was injured while working
> with discharge beds, an activity which he
> would perform after lifting the laundry
> bags.  The medical records also indicate
> that the claimant remembered no specific
> injury.

As fact finder, the commission was entitled to reject claimant's testimony that a specific incident occurred.  It is well settled that credibility determinations are within the fact finder's exclusive purview.  See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).  In light of the inconsistencies between claimant's testimony and his prior statements, his medical records, and the accident report, we cannot say, as a matter of law, that claimant's evidence sustained his burden of proof.

Claimant also argues that the commission erred in using the medical records to determine how the accident occurred.  This contention is without merit.  In McMurphy Coal Co. v. Miller, 20 Va. App. 57, 59, 455 S.E.2d 265, 266 (1995), we held that under common law rules of evidence, medical histories are admissible substantively as party admissions.  Thereafter, we recognized in Pence Nissan Oldsmobile v. Oliver, 20 Va. App. 314, 456 S.E.2d 541 (1995), that, under Rule 2.2 of the Rules of the Workers' Compensation Commission, the commission may consider medical histories in determining how an accident occurred.  Rule 2.2

gives the commission "'[t]he discretion to give probative weight to hearsay statements in arriving at its findings of fact.'" Oliver, 20 Va. App. at 319, 456 S.E.2d at 544 (quoting Williams v. Fuqua, 199 Va. 709, 714, 101 S.E.2d 562, 566 (1958)).

For these reasons, we affirm the commission's decision.

Affirmed.