COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


AUTUMN N. D. PAKRAVAN
                                    MEMORANDUM OPINION*
v.    Record No. 1960-00-1               PER CURIAM
                                      JANUARY 16, 2001
PIZZA HUT, INC. AND
 ZURICH INSURANCE COMPANY


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (W. Ware Morrison; W. Ware Morrison, P.C., on
             briefs), for appellant.

             (Joseph F. Giordano; Dana L. Plunkett;
             Semmes, Bowen & Semmes, P.C., on brief), for
             appellees.


     Autumn N.D. Pakravan (claimant) contends that the Workers'

Compensation Commission erred in finding that she failed to

prove that she sustained an injury by accident arising out of

her employment on June 26, 1998.  Upon reviewing the record and

the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

     "The commission's decision that an accident arises out of

the employment involves a mixed question of law and fact and is

thus reviewable on appeal."  Southside Virginia Training Ctr. v.

Shell, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995).

     _____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

However, unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

"The claimant [has] the burden of establishing, by a preponderance of the evidence, and not merely by conjecture or speculation, that she suffered an injury by accident which arose out of . . . the employment."  Central State Hospital v. Wiggers, 230 Va. 157, 159, 335 S.E.2d 257, 258 (1985).  The claimant "must show that a condition of the workplace either caused or contributed to her fall."  Shell, 20 Va. App. at 202, 455 S.E.2d at 763.  This analysis "excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the [claimant] would have been equally exposed apart from the employment."  R & T Investments, Ltd. v. Johns, 228 Va. 249, 253, 321 S.E.2d 287, 289 (1984).

Claimant testified that on June 26, 1998, while working for employer as a cook, she was on her way to the kitchen while carrying an empty pizza pan.  At that time, she slipped, "went back" and hit the back of her head.  She did not identify any substance on the floor or any defect in the floor that might have caused the fall.  She did not know what she hit her head on.  She did not attribute her fall to carrying the pizza pan.

-

She could not recall any of the medical treatment she received after the accident.

James Aydlett, employer's assistant manager, testified in his deposition that he witnessed claimant's fall. He stated that claimant was carrying two pizza pans and that her job did not require that she rush. He stated that claimant was walking normally at the time and that she looked like she "was losing her balance and she was reaching behind to grab the trash can to steady her" when she fell. Aydlett did not see any substance on the floor where claimant fell.

Claimant's medical records reflect that on July 2, 1998, she told Dr. Robert Nash that she was carrying a pizza in her left hand and she slipped on water on the floor. On September 3, 1998, claimant told Dr. Robert Hansen that she slipped on a wet floor while working at Pizza Hut on June 26, 1998. On September 4, 1998, Dr. Thomas Pellergrino noted that claimant had slipped and fallen at work on June 26, 1998, hitting her head on a counter.

In ruling that claimant failed to prove that she sustained an injury by accident arising out of her employment on June 26, 1998, the commission found as follows:

> [T]he claimant testified that she slipped
> and fell. She did not identify the
> substance on which she fell. . . . The
> claimant produced no evidence that she
> slipped on any substance or object on the
> ground. On the contrary, the evidence shows
> that the claimant does not know what

-

happened. . . . Here, the claimant could not state that she had actually slipped on any substance. . . . She simply stated that she slipped and fell. She was carrying an empty pizza pan but there was no evidence that the pan caused the claimant to lose her balance or otherwise contribute to the fall. There was no testimony that the claimant was in a hurry, or not performing her assigned duties. In fact, her assistant manager, Adylett [sic], testified that her job did not require her to rush. . . . Adylett [sic], who witnessed the fall, stated that the claimant was walking normally and lost her balance. Adylett [sic] did not observe any substance on the floor where the claimant fell.

Based upon the testimony of claimant and Aydlett, the commission, as fact finder, was entitled to conclude that "the facts in this case do not indicate that a condition of the floor caused or contributed to the fall." In light of the testimony of claimant and Aydlett, we cannot find as a matter of law that claimant proved that she sustained an injury by accident arising out of her employment on June 26, 1998.

Claimant argues that the medical histories should have been used by the commission to find that she proved she sustained an injury by accident arising out of her employment. We disagree.

[I]n Board of Supervisors of Henrico County v. Martin, 3 Va. App. 139, 348 S.E.2d 540 (1986), the claimant's hearing testimony proved that his accident was not compensable. The commission nonetheless decided otherwise and relied on the claimant's medical histories given to his physician as proof of how the accident occurred. We held that the commission's findings violated Massie v. Firmstone, 134 Va. 450, 462, 114 S.E. 652, 656 (1922),

-

which stated that a party is bound by his or her unequivocal testimony at trial.

Pence Nissan Oldsmobile v. Oliver, 20 Va. App. 314, 318, 456 S.E.2d 541, 543 (1995).  In this case, claimant's unequivocal testimony proved that her accident was not compensable. Accordingly, the commission did not err in refusing to rely upon the medical histories as proof of how the accident occurred. See id.

For these reasons, we affirm the commission's decision.

Affirmed.

-