455 S.E.2d 265

**McMURPHY COAL COMPANY and Old Republic Insurance Company**

v.

**Eddie Lee MILLER.**

**Record No. 1051–94–3.**

Court of Appeals of Virginia,
Salem.

March 21, 1995.

Stanford T. Mullins, Grundy (Street, Street, Street, Scott & Bowman, on brief), for appellants.

Paul L. Phipps, Norton (Wolfe & Farmer, on brief), for appellee.

Present: MOON, C.J., and COLEMAN and KOONTZ, JJ.

MOON, Chief Judge.

Appellants, McMurphy Coal Company and Old Republic Insurance Company (employer), appeal from the commission's decision that Miller (claimant) is entitled to compensation. The commission's decision overruled the deputy commissioner's finding that the claimant's evidence failed to establish an injury by accident on November 13, 1992, arising out of and during the course of his employment. On appeal, appellants contend that the commission erred because it abused its discretion in determining witness credibility as the basis for reversing the deputy commissioner. We agree and, therefore, reverse the commission's decision.

In reviewing the deputy commissioner's findings, the full commission noted that the deputy commissioner "denied compensation upon a finding that the claimant had not provided Drs. Zahnke, Kotay, or Tibbs with an accurate or complete history." The commission then held that medical histories

cannot be considered to determine how an accident occurred. *Board of Supervisors v. Martin,* 3 Va.App. 139, 144, 348 S.E.2d 540, 542 (1986), *appeal dismissed,* 363 S.E.2d 703 (Va.1987). The commission's holding misconstrues and misapplies one of the principles of *Martin* by unduly extending the principle beyond its obvious scope. We said in *Martin* that "a doctor's history taken from claimant or others is not evidence upon which the Commission should rely to determine how an accident occurred, because it is impermissible hearsay *if used for that purpose.*" *Id.* at 144, 348 S.E.2d at 542 (emphasis added).

In *Martin,* the claimant's hearing testimony proved that his accident was not compensable. However, the commission decided otherwise, relying upon the history that the claimant gave to his physician as proof of how the accident occurred. This Court held that the commission's findings violated *Massie v. Firmstone,* 134 Va. 450, 462, 114 S.E. 652, 656 (1922), which held that a party is bound by his unequivocal testimony at trial. In doing so, we pointed out, however, that such history is admissible to explain the basis of the doctor's opinion, or to impeach (as with a prior inconsistent statement), or to corroborate (as with a prior consistent statement) the claimant's testimony. Also, if a claimant has given a history that negates the hearing proof of a compensable injury, then such history would constitute an admission by a party, admissible when offered by an adverse party as an exception to the hearsay rule. *See* 2 Charles E. Friend, *The Law of Evidence in Virginia,* §§ 18–33, 34 (4th ed.1993).

Here, the commission misread *Martin.* It gave no weight to Miller's prior inconsistent history given to his physician. The commission should have considered the medical histories not only for the purpose of determining what weight should be given the physician's conclusions, *see id.,* but also because the histories contradicted Miller's hearing testimony of how the accident occurred. Thus, the commission erroneously held that the deputy commissioner wrongfully consid-

ered the medical histories in making his findings and wrongfully disregarded this evidence in reaching its decision.

The commission erred in determining the issue of witness credibility by failing to consider the prior inconsistent statements Miller made to his physicians. By failing to consider these statements, the commission ignored relevant evidence that supported the appellants' position and, when coupled with other evidence, this action *may* have affected the outcome of this case. For this reason, we remand this case for review by the commission so it may properly consider all relevant evidence necessary to determine whether Miller proved by a preponderance of evidence that he sustained a compensable injury.

*Reversed and remanded.*