COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


McMURPHY COAL COMPANY
AND
OLD REPUBLIC INSURANCE COMPANY

v.   Record No. 1389-95-3                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
EDDIE LEE MILLER                              OCTOBER 31, 1995

             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                 (S. T. Mullins; Street, Street, Street, Scott &
                 Bowman, on brief), for appellants.

                 (Paul L. Phipps; Wolfe & Farmer, on brief), for
                 appellee.


     McMurphy Coal Co. and its insurer (hereinafter collectively

referred to as "employer") contend that the Workers' Compensation

Commission erred in finding that (1) Eddie L. Miller proved he

sustained an injury by accident arising out of and in the course

of his employment on November 13, 1992; and (2) a causal

relationship exists between Miller's disc herniation and

resulting disability and the November 13, 1992 injury by

accident.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Background

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  So viewed, the evidence proved that, on November 13, 1992, while working for employer as a scoop operator, Miller ran over a rock, which caused his head and shoulders to hit the mine roof.  He felt pain over his entire body, which subsided after approximately fifteen minutes.  On that same day, he told his supervisor, Bobby Ridings, about the accident.  Miller's back pain gradually worsened throughout December 1992.  On December 28, 1992, he was pulling cable into a scoop and felt severe back pain.  This incident was witnessed by Ridings.

On December 30, 1992, Miller sought medical treatment from Dr. Wolfgang Zahnke, a general surgeon.  Miller told Dr. Zahnke that his back pain began approximately one month earlier.  An MRI performed in January 1992 revealed that Miller suffered from a herniated disc at the L5-S1 level on the right.

On February 2, 1993, Miller's physical therapist noted that Miller attributed his back injury to an incident at work on November 16, 1992, when he was operating a scoop machine and ran over a rock.

On February 10, 1992, Miller told Dr. S.C. Kotay, an orthopedic surgeon, that he injured his back on November 13, 1992, when he ran over a rock while operating a scoop machine at

work.  In his February 12, 1993 Attending Physician's Report, Dr. Kotay attributed Miller's disc herniation and resulting disability to the November 13, 1992 incident.

Dr. Phillip O. Tibbs, a neurosurgeon, who performed surgery on Miller's back, opined that the November 1992 accident caused Miller's disc herniation and subsequent surgery.

Miller gave two recorded statements to employer's representatives, one on February 8, 1993 and one on March 11, 1993.  In both statements, Miller mentioned the November 13, 1992 incident, but he acknowledged that he was unsure of the exact cause of his back injury.

### Injury by Accident

"In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the <u>cause</u> of [the] injury was an <u>identifiable incident or sudden precipitating event</u> and that it resulted in an <u>obvious sudden mechanical or structural change in the body</u>."  <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).  The commission found that Miller sustained an injury by accident arising out of and in the course of his employment on November 13, 1992.  Miller's undisputed testimony, essentially corroborated by Ridings, provides ample credible evidence to support the commission's finding.  Thus, that finding is conclusive on this appeal.  <u>James v. Capitol Steel Constr. Co.</u>, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

3

In rendering its decision, the commission also considered the various medical histories and Miller's recorded statements, and resolved any conflicts in this evidence in favor of Miller.[1]  "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).  "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding."  Id.

### Causation

"The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding."  Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

The medical records and opinions of Drs. Kotay and Tibbs provide credible evidence that link Miller's disc herniation, surgery, and disability to the November 13, 1992 injury by accident.

For these reasons, we affirm the commission's decision.

### Affirmed.

---

[1] In a March 21, 1995 opinion, we remanded this case to the commission for it to consider all relevant evidence, including the medical histories, in order to determine whether Miller proved that he sustained a compensable injury.  McMurphy Coal Co. v. Miller, 20 Va. App. 57, 455 S.E.2d 265 (1995).