COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Willis and Bray
Argued at Norfolk, Virginia


DYNAIR C.F.E. SERVICES, INC.

v.        Record No. 0437-95-1        MEMORANDUM OPINION*
                                      BY JUDGE JOSEPH E. BAKER
PERRY LEE REMPAS                      NOVEMBER 14, 1995


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Kimberley Herson Timms (F. Nash Bilisoly;
            Vandeventer, Black, Meredith & Martin, on briefs),
            for appellant.

            Jimese L. Pendergraft (Knight, Dudley, Dezern &
            Clarke, P.L.L.C., on brief), for appellee.


     In this appeal from a decision of the Workers' Compensation

Commission (commission), Dynair C.F.E. Services, Inc. (employer)

contends that Perry L. Rempas (claimant) failed to prove a

compensable injury by accident and, therefore, the commission

erred when it found that claimant was entitled to compensation

benefits.  Employer also asserts that the commission erroneously

disregarded "medical histories of how the injury occurred."

Finding no error, we affirm the decision of the commission.

     An examination of the record discloses that on May 31, 1994,

employer filed its First Report of Accident which contains the

following:

_____

     *Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

```
     Date of injury              3-25-94

     Nature and Cause of Accident  lifting mail

     How injury occurred           unknown,
                      employee
           complained of
        back pain

     Nature of injury              back injury

     Physician[1]           Dr. Neff
```

On June 27, 1994, claimant filed a claim for benefits
stating he was injured on March 25, 1994 at a time that he "was
lifting a bag of mail when he felt a sharp pain in his back."
Request for a hearing was made by claimant's counsel.  The
request was granted and a hearing was held before a deputy
commissioner on September 7, 1994.

The deputy commissioner's opinion related that claimant
"recalled that he felt a sharp pain in his back as he loaded the
bags into the plane."  The deputy's opinion further stated:

> In his deposition, [claimant] was not able
> to specify whether he was outside the plane
> or inside of it and, at one point, could not
> remember where he was working when he first
> felt the back pain.  [Claimant] could not
> give a clear explanation for this difference
> between his deposition and hearing testimony.
>  [Claimant] also gave a recorded statement to
> the carrier on April 21, 1994 in which he
> said that he hurt his back "lifting some bags
> and stuff."  In both the statement and the
> deposition, [claimant] consistently stated
> that his back started hurting "all of a
> sudden."

---

[1]Dr. Neff was claimant's treating physician.

The opinion also included a quote from Dr. Neff's first visit note:

> [Claimant] noted back pain at work approximately two weeks ago, on March 31, 1994.  The patient loads airplanes, which includes pulling and pushing all day at work.  There was no specific trauma, but he did note low back discomfort while at work.[2]

Dr. Neff ordered an MRI and an EMG.  The deputy's opinion further discloses that:

> [Claimant] underwent the EMG on April 26, 1994.  Rick Nielsen, who conducted the test, recorded a history from [claimant] and noted that [claimant's] problems "started without specific incidence of accident, injury, or trauma."  The EMG revealed the possibility of an L5-S1 nerve root compromise.

The deputy concluded that claimant had not proved that he suffered an injury by accident as defined by Code § 65.2-101 because claimant could not identify the specific action he was performing when he was injured.  He added that he found that claimant's testimony at the hearing was not sufficiently credible to "overlook" discrepancies between claimant's testimony and the medical records from claimant's treating physician that "contradict" claimant's testimony.  The deputy added that claimant's testimony, even if credible, would not meet his burden of proof.

---

[2]The deputy's opinion does not reference Dr. Neff's Medical Assistant History taken the same day as the above quote; however, in employer's brief, employer asserts that history shows: "Patient's account of injury: no trauma."  Employer's brief fails to show the complete sentence which further provides:  "--sudden onset of low back pain."

On appeal, the full commission reviewed the record and disagreed with the deputy's conclusion. In its opinion, the commission noted that claimant testified "he experienced a sudden, disabling low back pain while lifting a specific bag of mail." As noted by the commission, there was other evidence supporting claimant's testimony that he experienced "sudden pain."

While the deputy reported that the medical records from claimant's treating physician <u>contradict</u> his testimony, the commission placed "little, if any, reliance on the medical histories as evidence of <u>how</u> the injury occurred." Our examination of the history taken by the medical assistant might well be claimed to support either the position of the employer (depending upon the meaning of the word "trauma") or claimant (to show there was a "sudden onset of low back pain").

It is clear that on appeal we view the evidence in the light most favorable to claimant as the prevailing party below, <u>R.G. Moore Bldg. Corp. v. Mullins</u>, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990), and the commission's findings of fact are conclusive and binding on this Court if they are supported by credible evidence. <u>James v. Capitol Steel Constr. Co.</u>, 8 Va. App. 512, 515, 382 S.E.2d 487, 488-89 (1989). The fact that contrary evidence may be found in the record is of no consequence if credible evidence supports the commission's finding. <u>Bean v. Hungerford Mechanical Corp.</u>, 16 Va. App. 183, 186, 428 S.E.2d

- 4 -

762, 764 (1993). However, in order to meet claimant's burden of proving an injury by accident, he must prove the cause of his injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious and sudden mechanical or structural change in is body. See Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).

Here, the commission accepted claimant's testimony that while at work, loading bags of mail onto an airplane for employer, on March 25, 1994, he "lifted a bag up and . . . had this sharp pain in [his] back." Claimant's deposition taken by employer prior to the hearing further revealed that, while to some extent contradictory to the above, claimant said that he "picked up a bag, and I was tossing it and then all of a sudden I had a sharp pain." The medical assistant's notes also tended to support the "sudden onset of low back pain."

We hold that there is credible evidence in this record that, if believed, proves the cause of the injury was an identifiable incident, to wit, lifting a bag of mail while performing his work assignment for employer on March 25, 1994 that precipitated sudden pain in his lower back that subsequently, by MRI and EMG tests, was shown to be a herniated disc. From the evidence, we cannot say that the commission erred in awarding compensation benefits for this claim.

Employer further asserts that the commission erred when it disregarded the medical history. The commission is required to

consider the medical history in reaching its conclusion.  See McMurphy Coal Co., et al. v. Miller, 20 Va. App. 57, 455 S.E.2d 265 (1995).  Here, the indication is that the commission considered that history but gave "little, if any" weight to its contradictory significance.  We find no reversible error resulting from the commission's finding that the medical history did not override claimant's direct testimony.

For the reasons stated, the decision of the commission is affirmed.

Affirmed.