COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Bray and Fitzpatrick
Argued at Richmond, Virginia


OFFICE MAX, INC., ET AL.

v.          Record No. 1875-95-2      MEMORANDUM OPINION[*] BY
                                       JUDGE RICHARD S. BRAY
LINDA ANN MOREHOUSE                        APRIL 9, 1996

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Joseph C. Veith, III (Montedonico, Hamilton &
          Altman, P.C., on briefs), for appellants.

          David C. Jackson (William G. Shields &
          Associates, on brief), for appellee.


     Office Max, Inc. (employer) appeals a decision of the

Workers' Compensation Commission (commission) awarding temporary

total disability benefits to Linda Ann Morehouse (claimant).

Employer contends on appeal that the commission's finding of

accidental injury is unsupported by credible evidence.  We

disagree and affirm the commission.

     The parties are fully conversant with the record, and we

recite only those facts necessary to a disposition of this

appeal.

     Guided by well established principles, we construe the

evidence in the light most favorable to the party prevailing

below, claimant in this instance.  Crisp v. Brown's Tysons Corner

Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986).

"If there is evidence, or reasonable inferences can be drawn from

_____
          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the evidence, to support the Commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding." Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986).

Claimant was employed as a "floor supervisor," primarily responsible for "stocking shelves." On September 27, 1994, after removing several boxes from shelves, claimant "pick[ed] up [a] box of computer paper, put it in [a] cart, and took it . . . to the cashier." Although claimant then experienced no pain, she recalled a "pull" in her "shoulder area," followed by "stiffness" and "serious pain" several hours later. Claimant was subsequently treated by Dr. Hallett H. Mathews, an orthopedist, for "mechanical right shoulder motion pain."

In denying claimant's application for benefits, the deputy commissioner concluded that she failed to prove "a single identifiable incident that produced an obvious sudden mechanical or structural change in the body." However, the full commission reversed, awarding claimant temporary total disability benefits.

An "injury by accident" requires "(1) an identifiable incident; (2) that occurs at some reasonably definite time; (3) an obvious sudden mechanical or structural change in the body; and (4) a causal connection between the incident and the bodily change." Chesterfield County v. Dunn, 9 Va. App. 475, 476, 389 S.E.2d 180, 181 (1990). "[P]ain does not have to be contemporaneous with the accident to be an injury by accident."

<u>Ratliff v. Rocco Farm Foods</u>, 16 Va. App. 234, 239, 429 S.E.2d 39, 42 (1993). "The actual determination of causation is a factual finding that will not be disturbed on appeal," if supported by credible evidence. <u>Ingersoll-Rand Co. v. Musick</u>, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989); <u>see</u> Code § 65.2-706.

Here, claimant testified that lifting the computer paper "pulled [her] shoulder area," and medical records relate "pick[ing] up box of computer paper" as relevant history of the disputed injury. Moreover, as the commission noted, "[t]here is no evidence of any shoulder problems prior to this 'pulling' incident," and the attendant circumstances were consistent with the medical findings. Such evidence, together with the entire record,[1] provides sufficient support for the commission's conclusion that claimant suffered a compensable injury by accident.

Employer's argument that <u>Massie v. Firmstone</u>, 134 Va. 450, 114 S.E. 652 (1922), precludes benefits because claimant was unable to "identify a single incident" which precipitated her injury is without merit. <u>Massie</u> instructs that a party cannot "ask [the fact finder] to believe that he has not told the truth" in furtherance of his cause, <u>id.</u> at 462, 114 S.E. at 656, and, therefore, is "bound by his unequivocal testimony at trial."

---

[1]Employer correctly asserts that the "accident/injury report" and claimant's "affidavit" were not properly before the commission on review, and, consequently, not before this Court on appeal. <u>See</u> Rule 3.3 of the Workers' Compensation Commission. However, there is no indication that the commission considered such evidence in its disposition of the claim.

McMurphy Coal Co. v. Miller, 20 Va. App. 57, 59, 455 S.E.2d 265, 266 (1995).  Claimant's testimony simply described the circumstances of her injury, thereby providing evidence to be considered by the commission in assessing the claim.  Under such circumstances, her testimony neither limited nor diminished other evidence in support of the claim.

Accordingly, we affirm the decision of the commission.

Affirmed.