COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

HARRY S. SMITH

v.   Record No. 1380-96-3                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
BABCOCK & WILCOX COMPANY                     JANUARY 14, 1997
AND
PACIFIC EMPLOYERS INSURANCE
 COMPANY

              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (James B. Feinman; Esther S. McGuinn, on
              brief), for appellant.

              (Ruth Nathanson; Midkiff & Hiner, on brief),
              for appellees.


     Harry S. Smith ("claimant") contends that the Workers'

Compensation Commission ("commission") erred in finding that he

failed to prove he sustained an injury by accident arising out of

and in the course of his employment on July 24, 1994.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In

order to carry his burden of proving an 'injury by accident,' a

claimant must prove that the cause of his injury was an

─────────────────

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). By contrast, a gradually incurred injury is not an injury by accident within the meaning of the Act. Middlekauff v. Allstate Ins. Co., 247 Va. 150, 154, 439 S.E.2d 394, 397 (1994). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Claimant testified that, on July 24, 1994, while at work, he helped to remove and replace an air conditioner compressor. The air conditioning unit, which weighed 200 pounds, was located in a sheet metal enclosure on the roof of a building. Lack of space inside the enclosure made it difficult to move around and work on the compressor. As claimant and a co-worker lifted the compressor by holding either end of a strap placed under the compressor, claimant felt a pull or slight strain in his back. Claimant felt no other pain and continued to work the remainder of his shift, without increased discomfort. However, he awoke in pain the next morning. His pain progressively worsened over the course of the day.

Based upon claimant's testimony, the commission found that he proved a precipitating incident. However, the commission denied claimant's application on the ground that he failed to

2

prove that his back injury, if caused by his work, resulted from the compressor lifting incident, rather than the cumulative effect of lifting, pulling, bending, jerking, and shoving throughout the work day. In so ruling, the commission gave more weight to the opinion of Dr. Donald G. Branson than to the opinion of Dr. William C. Andrews, Jr. Dr. Branson declined to offer an opinion about causation, stating that he could not do so because of a conflict in the initial medical history. The commission found as follows:

> As Dr. Branson noted, the history recorded by the initial treating physicians did not report a symptomatic injury while lifting the air conditioner compressor, only that it was one and perhaps the heaviest of multiple lifting tasks [claimant] performed that day. His symptoms were reportedly manifest only the next day after a long car ride, and Dr. Branson reasonably declined to offer an opinion on causation based on this history. By the time the claimant saw Dr. Andrews, he apparently attributed his injury to lifting the compressor, and Dr. Andrews based his opinion of causation on such history.

These findings are supported by Dr. Cuong Do's July 26, 1994 office notes. Those notes reflect that claimant gave a history to the nurse of "lifting an air compressor on July 24, 1994," and he gave a history to Dr. Cuong Do of "lifting a lot of heavy material on Sunday . . . and on Monday morning approximately 11:00 after long car ride, [claimant] noticed he had some lower back pain."

In light of the conflicting initial medical histories and

3

Dr. Branson's opinion, the commission, as fact finder, was entitled to reject Dr. Andrews' opinion on causation. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). Based upon the lack of persuasive medical evidence to establish that the July 24, 1994 lifting incident caused claimant's back injury, we cannot say as a matter of law that claimant met his burden of proof.

Claimant also argues that the commission denied him due process by considering inadmissible hearsay contained in the medical records to find that he failed to meet his burden of proof. This contention is without merit. In McMurphy Coal Co. v. Miller, 20 Va. App. 57, 59, 455 S.E.2d 265, 266 (1995), we held that under common law rules of evidence, medical histories are admissible substantively as party admissions. Thereafter, we recognized in Pence Nissan Oldsmobile v. Oliver, 20 Va. App. 314, 456 S.E.2d 541 (1995), that, under Rule 2.2 of the Rules of the Workers' Compensation Commission, the commission may consider medical histories in determining how an accident occurred. Rule 2.2 gives the commission "'[t]he discretion to give probative weight to hearsay statements in arriving at its findings of fact.'" Id. at 319, 456 S.E.2d at 544 (quoting Williams v. Fuqua, 199 Va. 709, 714, 101 S.E.2d 562, 566 (1958)).

For these reasons, we affirm the commission's decision.

Affirmed.

4