COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Bumgardner


DONNA J. PETTY

v.   Record No. 2575-97-3

WAYTEC ELECTRONICS CORPORATION
 AND ST. PAUL FIRE & MARINE
 INSURANCE COMPANY

MEMORANDUM OPINION[*]
PER CURIAM
APRIL 14, 1998

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Jaleh K. Slominski; James B. Feinman &
Associates, on brief), for appellant.

No brief for appellees.


Donna J. Petty ("claimant") contends that the Workers' Compensation Commission ("commission") erred in finding that she failed to prove that she sustained an injury by accident arising out of and in the course of her employment on August 1, 1995. Upon reviewing the record and claimant's brief, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  See Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the cause of [the] injury was an identifiable incident or sudden precipitating event and that it

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

resulted in an <u>obvious sudden mechanical or structural change in the body</u>."  <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).  Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us.  See <u>Tomko v. Michael's Plastering Co.</u>, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission ruled that claimant did not prove that she was injured as a result of a specific incident at work on August 1, 1995.  As the basis for its decision, the commission made the following findings:

> The claimant testified at the December 10, 1996 hearing to the occurrence of a specific incident.  However, her testimony is not supported by other evidence.  [Claimant] testified that she reported her injury to two supervisors and a co-worker.  All representatives of the employer denied receiving such a report, including her direct supervisor, Mike Clay, and her co-worker, Vickie Noel.  Ms. Woody's testimony, that the employer first learned of the accident from Dr. [Edward] Castaneda, is consistent with the First Report signed by the employer on August 14, 1995, six days after the claimant's resignation.
> There is no indication in the medical records of any report of a specific incident until August 16, 1995, fifteen days after the alleged occurrence.  [Claimant] did not seek treatment until one week after the alleged incident although she was in considerable pain.  When she reported to Dr. Castaneda, the claimant did not report a specific incident, but instead wrote she had back pain of gradual onset after lifting circuit board panels.  Dr. Castaneda recorded this history twice.

As fact finder, the commission was entitled to accept the

testimony of employer's witnesses and to reject claimant's testimony that a specific incident occurred.  It is well settled that credibility determinations are within the fact finder's exclusive purview.  See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).  In this instance, the issue of whether claimant sustained an injury due to a specific identifiable incident occurring at work on August 1, 1995 was entirely dependent upon the credibility of the witnesses.  The commission, in considering the testimony of the witnesses, found that claimant's evidence was insufficient to establish her claim.  In light of the inconsistencies between her testimony and the testimony of employer's witnesses, and the lack of any history of a specific incident in Dr. Castaneda's initial medical reports, we cannot say, as a matter of law, that claimant's evidence sustained her burden of proof.

Claimant also argues that the commission erred in using a doctor's history to determine how the accident occurred.  This contention is without merit.  In McMurphy Coal Co. v. Miller, 20 Va. App. 57, 59, 455 S.E.2d 265, 266 (1995), we held that under common law rules of evidence, medical histories are admissible substantively as party admissions.  Thereafter, we recognized in Pence Nissan Oldsmobile v. Oliver, 20 Va. App. 314, 456 S.E.2d 541 (1995), that, under Rule 2.2 of the Rules of the Workers' Compensation Commission, the commission may consider medical histories in determining how an accident occurred.  Rule 2.2

gives the commission "'[t]he discretion to give probative weight to hearsay statements in arriving at its findings of fact.'" Oliver, 20 Va. App. at 319, 456 S.E.2d at 544 (quoting Williams v. Fuqua, 199 Va. 709, 714, 101 S.E.2d 562, 566 (1958)).

Finally, claimant argues that the commission arbitrarily reversed the deputy commissioner's credibility finding without articulating a reasonable basis for doing so. However, where, as in this case, the deputy commissioner did not base his credibility determination on a specific, recorded observation regarding the behavior, demeanor, or appearance of the witnesses, the commission had no duty to explain its reasons for rejecting claimant's version of events. See Bullion Hollow Enters., Inc. v. Lane, 14 Va. App. 725, 729, 418 S.E.2d 904, 907 (1992). Moreover, the commission's opinion shows that it weighed all of the evidence, including the medical records, claimant's testimony, and the testimony of employer's representatives in rendering its decision.

For these reasons, we affirm the commission's decision.

Affirmed.