COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Bumgardner


NANCY POROK
                                    MEMORANDUM OPINION[*]
v.        Record No. 2946-97-2           PER CURIAM
                                        MAY 19, 1998
RICHMOND MEMORIAL HOSPITAL/
 HEALTH CORPORATION OF VIRGINIA


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Jeffrey R. Allen; Thorsen, Marchant & Scher,
                L.L.P., on briefs), for appellant.

                (Linda M. Ziegler; Crews & Hancock, PLC, on
                brief), for appellee.



     Nancy Porok (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that she

failed to prove she sustained an injury by accident arising out

of and in the course of her employment on July 5, 1996.  With

respect to this issue, claimant raises numerous questions

presented, including whether the commission (1) improperly

considered medical histories in determining whether an accident

occurred, (2) failed to give appropriate weight to claimant's

testimony, and (3) erred in relying upon the testimony of

claimant's co-worker, Gloria Kenney.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  See Rule 5A:27.

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the cause of [the] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission ruled that claimant failed to meet her burden of proving a compensable injury by accident. As the basis for its decision, the commission made the following factual findings:

> Although the claimant testified that she felt pain in her right leg at the time she was pulling on a gurney, the medical record and other testimony does not support this version of events. The history actually prepared by her is inconsistent with an injury by accident. Dr. [Edward B.] Beirne, [Jr.,] who treated the claimant on the same day of her alleged injury, noted that she had experienced leg discomfort for four or five days. Dr. [Douglas A.] Wayne, who treated her four days after the alleged injury, stated that she had suffered increasing back pain for one and one-half weeks. He further noted that the claimant's symptoms had developed over many episodes of lifting and maneuvering patients. In sum, the recorded medical histories do not support the finding of a compensable injury by accident. It is significant that the medical histories in this case, some of which were in the

2

> claimant's own handwriting, were being
> presented by a nurse and not someone
> unfamiliar with the importance of an accurate
> medical history.  A co-worker, [Kenney,] whom
> [claimant] allegedly told of the injury,
> testified that she did not observe [claimant]
> limping or having difficulty walking.
> [Kenney] further recalled complaints of back
> pain of a one-week duration.

(Footnote omitted).

The commission's findings are amply supported by the medical records and Kenney's testimony.  As fact finder, the commission was entitled to weigh all the evidence and to reject claimant's testimony and accept Kenney's testimony.  It is well settled that credibility determinations are within the fact finder's exclusive purview.  See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).  Moreover, the commission did not err in considering the medical histories in determining whether an accident occurred.  See Pence Nissan Oldsmobile v. Oliver, 20 Va. App. 314, 319, 456 S.E.2d 541, 544 (1995); McMurphy Coal Co. v. Miller, 20 Va. App. 57, 59, 455 S.E.2d 265, 266 (1995); see also Rule 2.2, Rules of the Virginia Workers' Compensation Commission.[1]

---

[1]Claimant's contention that the commission erred in failing to take into account the HealthSouth physical therapy notes and claimant's recorded statement in rendering its decision is without merit.  These documents were before the commission and nothing in the record indicates that the commission did not consider them.  The fact that the commission did not specifically discuss these documents in its opinion is of no consequence.  The commission was entitled to weigh the evidence in its entirety and to give that evidence the probative weight it deemed appropriate.

In light of Kenney's testimony and the obvious inconsistencies between the medical histories and claimant's testimony, we cannot say as a matter of law that claimant's evidence sustained her burden of proving a compensable injury by accident.

Accordingly, we affirm the commission's decision.

<u>Affirmed</u>.