COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Lemons and Senior Judge Cole
Argued at Richmond, Virginia


SOUTHSIDE VIRGINIA TRAINING CENTER/
 COMMONWEALTH OF VIRGINIA
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 2898-98-2           JUDGE DONALD W. LEMONS
                                         JANUARY 11, 2000
KIMBERLY RENEE JONES


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

         (Mark L. Earley, Attorney General; Gregory E.
         Lucyk, Senior Assistant Attorney General;
         Edward M. Macon, Assistant Attorney General,
         on briefs), for appellant.  Appellant
         submitting on briefs.

         (Zenobia J. Peoples, on brief), for appellee.



     Southside Virginia Training Center ("SVTC") appeals from an

award by the Worker's Compensation Commission granting

Kimberly R. Jones benefits for temporary partial disability and

temporary total disability.  SVTC contends:  (1) the commission

erroneously found that Jones' back injury was caused by a

work-related accident on May 29, 1996; and (2) the commission

failed to determine when SVTC received notice of the claimed

accident and whether SVTC is liable for medical expenses

incurred before June 13, 1996.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Jones was employed by SVTC as a human services care worker. She testified before Deputy Commissioner Herring that on May 29, 1996, while attempting to lift a patient from the toilet, she experienced a sharp pain in her back. Jones testified that she could barely move the next morning, but went to work anyway. She stayed at work that day, after calling her doctor for an appointment. She was given June 11, 1996 as the first available appointment date. Jones' supervisor, Virginia Vaughn, testified that Jones never complained of any back injury or problems to her prior to June 13. Jones claims she reported the incident on the morning of May 30 to a supervisor, Ms. Beckett.

Before she saw her doctor on June 11, Jones was seen on June 4 and June 7 at the Southside Regional Medical Center Emergency Department. During her June 4 visit, Jones complained of "off/on" lower back pain, non-radiating, worse in the last two days with "NKDA."[1]  When discharged, she reported no acute distress.

During the June 7 visit, Jones complained of muscle aches on both sides of her back. Jones was diagnosed with musculo-skeletal low back pain and it was noted that she had an

_____

[1] There is some confusion as to what "NKDA" means. In appellant's opening brief and appellee's brief and in the Commissioner's interim opinion, it is defined as "No Known Date of Accident." However, appellant's reply brief suggests it may mean "No Known Drug Allergy."

-

appointment with Dr. Thigpen on June 10, 1996.  SVTC claims and the deputy commissioner found that the doctor's notes of the June 7 visit say, "does fair amt of lift @ work @ SVTC." According to Jones and the full commission, the notes say, "does [illegible] onset af[ter] lift @ work @ SVTC."  Both parties and both the full commission and the deputy commissioner agree that the notes immediately preceding that statement say, "recalls no specific event or injury".

On June 17, 1996, Dr. David Haines, an orthopedic surgeon, examined Jones.  He recites the patient's history that she "[w]as lifting a client off a toilet when she felt sudden severe pain in the back . . . ."  A lumbosacral strain was diagnosed, and continuing disability was noted.  Jones began physical therapy on June 20, 1996 with Dr. Haines.  An Attending Physician's Report of June 21, 1996 notes that the claimant's back strain was caused by the history of injury while lifting a client.  This report was typed after Jones filled out a form that same day describing the event.  Jones was released to light duty with a fifteen-pound lifting restriction on June 27, 1996, and this continued until July 3, 1996.

On July 18, 1996, Jones gave a recorded statement to Kristie McClaren.  Jones claimed that the accident occurred on June 3.  Jones was asked what time of day the incident occurred since that was not filled in on the Report of Accident.  Jones claimed it was after breakfast.  Jones also claimed that she had

-

been having problems with her back for months and that the pain from her alleged accident was no different from what she had experienced in the past.

Dr. Haines, in his Attending Physician's Report of July 19, 1996, noted the lumbosacral strain and right arm and cervical complaints, all of which he indicated were caused by the lifting incident on June 3, 1996. Jones' lifting restriction was increased to twenty-five pounds on July 24, 1996. On August 16, 1996, this lifting limit was decreased to fifteen pounds.

At a hearing before Deputy Commission Herring on November 22, 1996, Jones contended for the first time that her accident occurred on May 29, and not on June 3. When asked about the discrepancy between the injury date of May 29 and June 3, Jones first testified that she told McClaren the accident did not happen on June 3. She later testified that she "assumed [McClaren] was going along with the date that was on the incident form . . . ."

Also at the November 22 hearing, Jones testified that the alleged accident occurred before breakfast, again in contradiction to her July 18 statement to McClaren. Jones testified further that she felt a similar tightness or pressure in her back prior to the incident and that she was feeling the strain each time she lifted. However, Jones testified that, when she put the client back on the toilet seat, the pain went

-

away and she thought this was the same pain or pressure she experienced previously.

Based on medical histories of June 4 and 7 inconsistent with her testimony and prior statements, and the history of back pain dating several months before the date of this alleged accident, the deputy commissioner found no compensable injury and declined to issue an award, finding that the "bulk of the credible evidence does not support the claim." The deputy commissioner explained that injury resulting from cumulative trauma caused by physical exertion inherent in the employee's work is not "an injury by accident" compensable under the Workers' Compensation Act.

Jones appealed the deputy commissioner's decision to the full commission. In an "interim" decision, the commission found that Jones' "credible testimony, recorded statement, and medical histories [were] all consistent commencing with June 17, 1996," and that the evidence established an injury by accident occurring on May 29, 1996 that resulted in total disability from June 3 through June 30, 1996. The commission remanded the case to the hearing docket for the taking of evidence regarding Jones' efforts to find light work within her medical restrictions after June 30, 1996. Upon remand, the deputy commissioner concluded that Jones had reasonably marketed her residual work capacity and entered an award.

SVTC appealed the decision to the full commission, again claiming that Jones did not sustain an injury by accident arising out of and in the course of employment. In an opinion dated December 8, 1998, the commission concluded that its July 9, 1997 interim opinion was correct stating, "We therefore AFFIRM that opinion, and adopt it as our own." From this decision and award SVTC appeals.

To establish a prima facie claim for compensation for an "injury by accident" arising out of and in the course of the employment, the claimant must prove, by a preponderance of the evidence, (1) an identifiable incident, (2) that occurred at some reasonably definite time, (3) with an obvious, sudden mechanical or structural change in the body, and (4) a causal connection between the incident and the bodily change. See Code § 65.2-101; Chesterfield County v. Dunn, 9 Va. App. 475, 476, 389 S.E.2d 180, 181 (1990); Aistrop v. Blue Diamond Coal Co., Inc., 181 Va. 287, 293, 24 S.E.2d 546, 548 (1943). "[A]n injury resulting from cumulative trauma caused by physical exertions inherent in the employee's normal work is not an 'injury by accident,' compensable under the Worker's Compensation Act." Kraft Dairy Group, Inc. v. Bernardini, 229 Va. 253, 256, 329 S.E.2d 46, 48 (1985).

The commission erroneously states that the medical records commence with June 7, 1996. The record clearly reveals that the claimant visited the emergency room at Southside Regional

-

Medical Center on June 4, 1996, and the report of the visit was before the commission. In the notes, which appear to be a partial history, there is no recitation of any incident, accident or event which the patient claims serves as the basis for her physical complaints. Additionally, there is a notation, "NKDA" which SVTC and the deputy commissioner contend means "no known date of accident." The majority opinion made no reference to the notation, presumably because it was ignored entirely, a fact confirmed by the majority's conclusion that the medical records commence with June 7, 1996, obviously excluding the June 4, 1996 record.

Additionally, the majority opinion finds that the medical records of June 7, 1996 are "ambiguous" and interprets the doctor's notes as saying the claimant "recalls no specific event or injury -- does [illegible] onset af[ter] lift @ work @ SVTC. . . ." The record is before us in the same form in which it was received by the commission. A determination of what the record says was not augmented by any other evidence. We find nothing ambiguous about the words "recalls no specific event or injury." Furthermore, we find that the note says "recalls no specific event or injury -- does fair amt. of lift @ work @ SVTC."

As we have previously stated . . a patient's medical history:

-

> [I]s admissible to explain the basis of the
> doctor's opinion, or to impeach (as with a
> prior inconsistent statement), or to
> corroborate (as with a prior consistent
> statement) the claimant's testimony.  Also,
> if a claimant has given a history that
> negates the hearing proof of a compensable
> injury, then such history would constitute
> an admission by a party, admissible when
> offered by an adverse party as an exception
> to the hearsay rule.

McMurphy Coal Co. v. Miller, 20 Va. App. 57, 59, 455 S.E.2d 265,

266 (1995) (citation omitted).

As in McMurphy, the commission in this case "should have

considered the medical histories . . . because the histories

contradicted [Jones'] hearing testimony of how the accident

occurred."  Id. at 59, 455 S.E.2d at 267.  As in McMurphy, "[b]y

failing to consider these statements, the commission ignored

relevant evidence that supported the appellant['s] position and,

when coupled with other evidence, this action may have affected

the outcome of this case."  Id. at 60, 455 S.E.2d 267 (emphasis

in original).

For this reason, we remand this case for review by the

commission so it may properly consider all relevant evidence

necessary to determine whether Jones proved by a preponderance

of evidence that she sustained a compensable injury.  Upon

remand, if the commission finds upon review of all of the

evidence that the injury is compensable, the commission is

directed to make findings concerning notice to employer of the

-

claimed accident and whether employer is responsible for all of the claimed medical expenses.

                                    <u>Reversed and remanded.</u>