COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Humphreys and Clements
Argued at Salem, Virginia


DESHAZO OIL COMPANY, INC. AND
 FEDERATED MUTUAL INSURANCE COMPANY
                                    MEMORANDUM OPINION* BY
v.    Record No. 1989-02-3        JUDGE RUDOLPH BUMGARDNER, III
                                         MARCH 4, 2003
JOHN HENRY DILLON, JR.


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Robert M. McAdam (Jones & Glenn, P.L.C., on
          brief), for appellants.

          John W. Swezey for appellee.


     Deshazo Oil Company contends the Workers' Compensation

Commission erred in finding John Henry Dillon, Jr. sustained an

injury by accident.  The employer lists six issues on appeal,[1]

but they primarily restate the single contention that the

commission erred in relying solely on hearsay statements to

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

        [1] The employer states the following questions:  1) whether
the evidence is sufficient to prove the injury arose out of and
in the course of the employment; 2) whether the evidence
supports the finding that the disability was due to an
aggravation of a pre-existing condition; 3-4) whether the
commission erred as a matter of law in resorting to hearsay
statements contained in the medical reports and Claim for
Benefits to award benefits; 5) whether the commission
erroneously relied on Pence Nissan Oldsmobile v. Oliver, 20
Va. App. 314, 456 S.E.2d 541 (1995); and 6) whether the
commission erred as a matter of law in admitting the claim form.

establish causation.  Concluding the commission did err, we reverse.

On appeal, we view the evidence in the light most favorable to the worker.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  On December 21, 1999, the worker, a propane delivery driver, injured himself when he slipped on a customer's deck.  The worker testified, "[a]s I started off the deck after leaving the ticket, I slipped at the last section of the deck, falling, and landed on my head and shoulders on the bottom step."

On January 19, 2000, Dr. Mahoney examined the worker.  He recorded the following history:  "slipped on a frosted deck and fell down the stairs.  He said that he stepped onto the deck and his feet shot out from underneath him and he fell . . . ."  The Claim for Benefits recited the worker "slipped and fell off wet deck."

The deputy commissioner concluded, "the injury arose out of the employment as the claimant was on the deck pursuant to making a delivery and that the act of slipping and falling arose out of a risk of employment."  The full commission affirmed the award on different grounds.  It noted that while the worker did not provide direct evidence that the wet deck caused his fall, he nonetheless proved he "slipped and fell as a result of a wet substance on the deck."  The commission viewed the medical

history and the claim form as supplementing the worker's testimony and sufficient to prove causation.

Whether an accident arises out of the employment is a mixed question of law and fact reviewable on appeal. Mullins v. Westmoreland Coal Co., 10 Va. App. 304, 307, 391 S.E.2d 609, 611 (1990). "[I]n order for a fall on stairs to be compensable there must be a defect in the stairs or claimant must have fallen as a result of a condition of the employment." County of Buchanan Sch. Bd. v. Horton, 35 Va. App. 26, 29, 542 S.E.2d 783, 784-85 (2001). In this case, the worker did not allege there was a defect; consequently, the worker had to show that a condition of the workplace either caused or contributed to his fall. County of Chesterfield v. Johnson, 237 Va. 180, 184, 376 S.E.2d 73, 76 (1989).

The worker testified he slipped and fell, but he elaborated no further, although nothing indicates he was unable to recall details of the fall. He offered no evidence that the manner in which he performed the work caused his fall. Marion Correctional Treatment Ctr. v. Henderson, 20 Va. App. 477, 481, 458 S.E.2d 301, 303 (1995). Proving a fall at work, even at an unfamiliar location, does not prove a causative danger of the workplace. Southside Virginia Training Ctr. v. Shell, 20 Va. App. 199, 203-04, 455 S.E.2d 761, 763 (1995).

The worker's testimony lacked any detail that suggested a condition of his employment caused his fall. "[W]hen the

- 3 -

claimant, who is in a position of being able to explain the occurrence, fails to present evidence which establishes that the injury arose out of the employment the claim for compensation must be denied." Memorial Hosp. v. Hairston, 2 Va. App. 677, 682, 347 S.E.2d 527, 529 (1986). The commission may consider statements in medical histories "to explain the basis of the doctor's opinion, or to impeach (as with a prior inconsistent statement), or to corroborate (as with a prior consistent statement) the claimant's testimony." McMurphy Coal Co. v. Miller, 20 Va. App. 57, 59, 455 S.E.2d 265, 266 (1995). The statements may not, however, be relied upon to determine how an accident occurred. Board of Supervisors of Henrico County v. Martin, 3 Va. App. 139, 144, 348 S.E.2d 540, 542 (1986).

In Martin, the worker slipped on a soapy floor, injured his knee, but filed his claim after the statute of limitations expired. The worker stipulated that the injury was caused by the last accident. The commission awarded benefits despite the delay in filing by ruling the injury was an aggravation of an earlier compensable injury. 3 Va. App. at 142, 348 S.E.2d at 541. This Court held the commission impermissibly used the medical history to prove causation. The history was impermissible hearsay when used by the worker as substantive evidence to refute a stipulation or unequivocal testimony at trial.

- 4 -

In Miller, the medical history contradicted the worker's testimony about the way the accident occurred. This Court held the commission erred in failing to consider the medical evidence as impeaching the worker's testimony. 20 Va. App. at 59-60, 455 S.E.2d at 267.

In Pence Nissan Oldsmobile v. Oliver, 20 Va. App. 314, 456 S.E.2d 541 (1995), a worker gave his doctors inconsistent reports of how his injury occurred. The commission refused to consider these medical histories in deciding how the accident occurred. This Court reversed because the commission failed to consider the medical history as a party admission when evaluating the worker's evidence.

The series of cases holds that medical histories may be used when it is offered against a party as an admission or when used to impeach or corroborate the declarant's testimony. In this case, the worker testified he slipped and fell without suggesting a cause for the fall. Neither his statement recorded in the medical history nor that asserted in the claim form can supply what his testimony failed to broach. The statements were not party admissions offered as evidence against him, nor did they corroborate his testimony. They could not corroborate evidence that did not exist.[2]

_____

[2] The worker did not identify alternative causes of the fall and introduce the statements to support one cause or the other. For example, there is no evidence of snow or ice on the ground, whether it had recently rained, or whether a different substance

- 5 -

The worker cannot use the medical histories as the sole means of sustaining his burden of proof.  See Martin, 3 Va. App. at 144-45, 348 S.E.2d at 542; Pence, 20 Va. App. at 318, 456 S.E.2d at 543.  Similarly, assertions in a claim form cannot be the sole proof of the claim asserted therein.  The form provides notice to the employer of its potential liability, activates the worker's right to compensation, and invokes the jurisdiction of the commission.  Binswanger Glass Co. v. Wallace, 214 Va. 70, 73, 197 S.E.2d 191, 194 (1973).  The worker still has the burden to present evidence proving the claim.  21 Michie's Jurisprudence, Worker's Compensation § 66, 304 (1997) ("no rule of liberality will take the place of required proof").

The commission erred in finding the worker proved a condition of employment caused or contributed to the fall.  Accordingly, we reverse the commission's decision but need not consider the employer's other assignments of error.

Reversed.

---

was on the deck.  Cf. Jennings v. UEC Catalytic, Inc., 74 Va. WC 76 (1995) (employee's testimony that he slipped and fell and that either red oil or rain water was on stairs sufficient to prove claim).