COURT OF APPEALS OF VIRGINIA

Present:    Judges Petty, McCullough and Chafin
Argued at Salem, Virginia

UNPUBLISHED

ISLAND CREEK COAL COMPANY AND
 WELLS FARGO DISABILITY

                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 1120-13-3                 JUDGE STEPHEN R. McCULLOUGH
                                                         DECEMBER 17, 2013

GEORGE ELBERT KING


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Nate D. Moore (Penn, Stuart & Eskridge, on brief), for appellants.

            Jeffrey M. Summers (Law Office of Jeffrey M. Summers, PLLC, on
            brief), for appellee.


        The employer, Island Creek Coal Company, challenges a decision of the Workers'

Compensation Commission on two grounds.  First, Island Creek argues that the commission

erred in failing to consider a report by Dr. Paul Kelley dated May 28, 2012, in determining

whether the claimant had established a causal relationship between the claimant's prescriptions

for Remeron and Seroquel and his April 11, 1996 accident.  Second, Island Creek argues that the

commission erred as a matter of law by shifting the burden of proof to the employer to

demonstrate that the claimant's symptoms were not causally related to the compensable accident.

We conclude that the commission did not err and, accordingly, we affirm.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

George Elbert King was employed as the Assistant Mine Foreman for Island Creek Coal Company. On April 11, 1996, while walking in a mine, he slipped and fell. He was awarded temporary total disability benefits and ongoing medical benefits.

An overview of the relevant evidence establishes that on August 6, 1996, Dr. Alain Desy, an orthopedic surgeon, found that the claimant suffered from a reactive depressive state following his work accident and referred him to a psychiatrist. The claimant was hospitalized in April of 1997 for depression and suicidal ideation. In July of 1998, Dr. Ashvin A. Patel, a psychiatrist, prescribed Remeron to treat the claimant's psychiatric condition. In January of 1999, Dr. Patel prescribed Seroquel and maintained the claimant's prescription for Remeron. The claimant has received ongoing mental health treatment.

Dr. Paul R. Kelley, a psychiatrist, conducted an independent medical examination at the employer's request. Dr. Kelley met with the claimant for a psychiatric medical examination on July 21, 2004, and conducted a review of claimant's medical records on June 21, 2011. He performed a second psychiatric evaluation on October 18, 2011. Dr. Kelley's conclusion in 2004 was that the claimant "in large part is malingering." In a letter dated August 24, 2004, Dr. Clinton H. Sutherland disagreed with Dr. Kelley that the claimant was malingering and opined that the claimant's "physical and psychologic [sic] problems are real." Likewise, Dr. R. Stephen Fulmer, a licensed clinical psychologist who treated the claimant for more than seven years, wrote a letter in August 2004 in which he expressed strong disagreement with Dr. Kelley's assessment. In his report of October 18, 2011, Dr. Kelley concluded that the claimant's April 11, 1996 injury did not cause or aggravate his psychiatric condition and that no psychiatric medications were needed in connection with his workplace injury. On February 7, 2012, Dr. Sutherland treated the claimant. Dr. Sutherland again expressed his disagreement with

Dr. Kelley's conclusions that the claimant is a malingerer. Dr. Sutherland noted that Dr. Wood, a neurosurgeon who treated the claimant, was "outraged at this decision." On May 8, 2012, Dr. Buckner opined that the claimant should continue with his current medications, including Remeron and Seroquel, indicating that they were both medically necessary for the treatment of his work-related impairments. Dr. Fulmer, the claimant's psychotherapist, opined in May of 2012 that the claimant should continue taking psychiatric medications to treat his major depressive disorder. Dr. Fulmer also expressed his disagreement with Dr. Kelley.

In April of 2012, after the employer determined it would no longer pay for the claimant's psychiatric medications, King filed a claim with the commission asking it to order the employer to reinstate payment for those medications. On May 28, 2012, Dr. Kelley prepared a supplemental report. In this report, he stood by his original conclusions, made some corrections to his original report, took issue with the criticisms of his conclusions made by Drs. Buckner, Wood, Sutherland, and Fulmer and endeavored to rebut those criticisms, and leveled a number of charges at his critics.

The deputy commissioner found that the evidence was insufficient to establish that these medications were reasonable and necessary for the treatment of a condition causally related to the April 11, 1996 accident. However, the deputy commissioner ordered the employer to continue paying for the medications for up to an additional 60 days. The claimant appealed to the commission. The employer separately appealed the deputy commissioner's decision to require it to continue paying for the medications for up to an additional 60 days. The employer's briefing before the commission, while including an extensive discussion of Dr. Kelley's conclusions and credentials, made no specific mention of Dr. Kelley's supplemental report of May 28, 2012.

The commission reversed, finding that the medications are reasonable, necessary, and causally related to the claimant's work accident. The commission's opinion contains a detailed discussion of the medical evidence. Absent from the commission's detailed overview, however, is any mention of Dr. Kelley's May 28, 2012 report. The employer did not ask the commission to reconsider its decision based on this failure to discuss the report.

ANALYSIS

The commission's legal determinations are not binding on appeal and will be reviewed *de novo*. Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 127, 510 S.E.2d 255, 257 (1999). The factual findings of the commission, however, are conclusive and binding on appeal if supported by credible evidence in the record. Southern Iron Works v. Wallace, 16 Va. App. 131, 134, 428 S.E.2d 32, 34 (1993).

The employer's first assignment of error is that the commission erred because it failed to consider Dr. Kelley's supplemental report of May 28, 2012. The employer's argument is based on the commission's failure to mention this supplemental report in its detailed overview of the medical records.

We find no reversible error on this basis. First, as a conceptual matter, we will not presume that the commission failed to thoroughly review the record before it. In a wide range of contexts, we presume that judgments are correct and that public officials have discharged their duties in accord with the law. See, e.g., Nelson v. Commonwealth, 281 Va. 212, 215, 707 S.E.2d 815, 816 (2011) (judgments of a trial court are presumed to be correct); Gilmore v. Landsidle, 252 Va. 388, 396, 478 S.E.2d 307, 312 (1996) ("In the absence of clear evidence to the contrary, [courts] must presume that a public officer has properly discharged his official duties."). The commission's failure *to mention* every scrap of medical evidence in a written opinion is not the same as a failure by the commission *to consider* that evidence.

- 4 -

Second, as a practical matter, the commission discussed in some detail the deputy commissioner's decision. The deputy commissioner specifically mentioned Dr. Kelley's supplemental report. Therefore, we find it hard to believe that the supplemental report escaped the attention of the commission. The commission's choice not to discuss the supplemental report in its factual overview is not surprising, considering the employer did not mention the supplemental report in either its five-page initial brief to the commission or its eleven-page responsive brief. In an adversarial system, tribunals often discuss the arguments and evidence that the parties signal are most important to the resolution of the case, and decline to address matters that the parties signal are of less importance. Moreover, the supplemental report is just that: a report that supplemented two other lengthy reports from Dr. Kelley.[1] In short, we find no error by the commission in not mentioning this supplemental report in its opinion.

The employer cites McMurphy Coal Co. v. Miller, 20 Va. App. 57, 59, 455 S.E.2d 265, 266 (1995), in support of its claim of error. McMurphy does not stand for the proposition that the commission's failure to mention a particular item of evidence means that the commission failed to consider it. In McMurphy, the commission expressly held that it could not consider medical histories to determine how an accident occurred. Id. at 58-59, 455 S.E.2d at 266. We held that this conclusion was error and that "[b]y failing to consider these statements, the commission ignored relevant evidence that supported the appellants' position and, when coupled with other evidence, this action *may* have affected the outcome of this case." Id. at 60, 455

---

[1] We also note that the employer did not ask the commission to reconsider based on its failure to discuss this supplemental report. See Williams v. Gloucester Sheriff's Dep't, 266 Va. 409, 411-12, 587 S.E.2d 546, 548 (2003). The appellee does not fault the employer for failing to seek reconsideration, however, and we therefore dispose of the issue on the merits.

S.E.2d at 267. We reversed and remanded for the commission to consider all relevant evidence. Id. In this case, the commission did not expressly refuse to consider relevant evidence.[2]

The employer's second assignment of error is that the commission improperly shifted the burden of proof from the claimant and onto the employer. The employer argues that the commission failed to "adequately" address whether the claimant established a causal connection between the medications at issue and his injury. The employer notes that "[t]he record contains substantial evidence of other injuries sustained by [the] claimant and of pre-existing psychological problems, and the Commission fails to address why [the] claimant's current symptoms are related to the April 11, 1996 accident." The employer also contends that the commission's decision is not "well-reasoned."

We have no difficulty in rejecting the claim that the commission improperly shifted the burden of proof to the employer. The commission expressly stated in its opinion that "the claimant has met his burden of proving that his psychiatric condition and need for the medications at issue are causally related, and reasonable and necessary to treat his work accident." The commission found the opinions of the claimant's treating physicians as well as the opinion of his treating psychologist more persuasive than Dr. Kelley's opinion on the question of causation. Finally, with respect to the employer's criticism of the level of detail and of the quality of the reasoning employed by the commission in its opinion, we simply note that our role as a reviewing court is not to grade the prolixity or quality of the commission's reasoning, but rather to determine whether its decision conforms to the law. It does.

---

[2] We also have reviewed Southside Va. Training Ctr. v. Jones, No. 2898-98-2, 2000 Va. App. LEXIS 8 (Va. Ct. App. Jan. 11, 2000), cited by the employer as persuasive authority. We find that case factually and legally distinguishable from the case at bar.

CONCLUSION

We affirm the decision of the commission.

<u>Affirmed.</u>